UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JUL 23 P 5: 47

U.S. DISTRICT COURT
HARTFORD, CT.

GREYSTONE COMMUNITY
REINVESTMENT ASSOCIATES, INC.
    Plaintiff,

v.

BEREAN CAPITAL, INC.,
    Defendant.

Civil Action No. 3:02CV1703(CFD)

## RULING ON MOTION TO DISMISS AND MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending are the defendant's motion to dismiss [Doc. # 38] and the plaintiff's motion for partial summary judgment [Doc. # 44]. For the following reasons, both motions are DENIED.

### I. Background

The First Amended Complaint alleges that Howard Brown, president of plaintiff Greystone Community Reinvestment Associates, Inc. ("Greystone") developed a business plan to "market inner-city, single-family, affordable housing mortgages which qualified as loans under the Community Reinvestment Act" ("CRA Securitization") in 1995. Greystone is located in Hartford, Connecticut. Greystone claims that Brown discussed this idea with Daniel Homick and David Irving, representatives of the defendant Berean Capital, Inc. ("Berean"), beginning in 1996, with the goal of soliciting Berean's assistance in, among other things, "locating a mortgage pipeline bank with access to the capital markets in relation to Greystone's CRA Securitization" and "find[ing] a venture partner for Greystone to develop, package, market and sell a CRA securitization in Massachusetts and Connecticut." Greystone alleges that Berean agreed to keep certain information regarding the CRA Securitization confidential.

-1-

Greystone claims that Berean approached First Union National Bank of North Carolina ("First Union") on Greystone's behalf regarding the CRA Securitization idea in July of 1996. According to Greystone, Berean negotiated a confidentiality agreement between itself and First Union, and convinced Greystone that Greystone did not need to be a formal party to that agreement in order to be protected by it because Greystone was Berean's client. Greystone also claims that it disclosed additional market research regarding its "unique idea" under the assumption that such information was covered by the Berean/First Union confidentiality agreement.

In 1997, First Union contacted Bear Stearns & Co. ("Bear Stearns") to discuss marketing CRA Securitizations. Greystone alleges that in doing so First Union used proprietary information and research of Greystone that was covered by the confidentiality agreement. First Union subsequently went to market with a competing CRA Securitization with Bear Stearns.

Greystone then filed a civil action against First Union, Greystone v. First Union, 3:00cv871(CFD), and Berean assisted Greystone in its prosecution. When that case was nearing settlement in 2001, Berean, without Greystone's authorization, filed a National Association of Securities Dealers arbitration against First Union, which apparently derailed the settlement talks. On February 20, 2003, the NASD arbitration issued an award that denied Berean's claim.

The first amended complaint here asserts eight counts. Count One alleges that Berean breached the confidentiality agreement by failing to protect Greystone's confidential information.[1] Count two asserts breach of contract claims as to an agency agreement and placement agent

---

[1] Greystone appears to rely on a status as a third party beneficiary of the confidentiality agreement or that Berean was acting as its agent in entering into it with First Union.

agreement by Berean's failure to produce an August 21, 1996 letter that would have aided Greystone in its litigation with First Union [see Amended Complaint, ¶ 30], by filing the arbitration action against First Union, and "by putting Berean's interests first and foremost over that of Greystone." Count three asserts that Berean breached its fiduciary duty to Greystone. Counts Four and Five assert fraud and fraudulent concealment. Count six alleges the tort of intentional interference. Count seven asserts a claim of "civil theft." Count eight alleges that Berean's conduct constitutes unfair trade practices under CUTPA.

## II. Motion to Dismiss

Berean has moved dismiss the first amended complaint in its entirety on the basis that the Court lacks personal jurisdiction over it pursuant to Fed.R.Civ.P. 12(b)(2). Berean also claims that Greystone has failed to state a claim on which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) as to counts one, two, three, six, seven and eight of the amended complaint, and that the claims of fraud and fraudulent concealment in counts four and five should be dismissed for failure to plead with particularity as required by Fed.R.Civ.P. 9(b).

A. <u>Standard - Personal Jurisdiction</u>

When a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving that the court has jurisdiction over the defendant. See <u>Amerbelle Corp. v. Hommell</u>, 272 F. Supp. 2d 189, 192 (D. Conn. 2003); see also <u>Metro. Life Ins. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 566-67 (2d Cir. 1996); <u>Ensign-Bickford Co. v. ICI Explosives USA, Inc.</u>, 817 F. Supp. 1018, 1026 (D. Conn. 1993). When no discovery has been conducted, the plaintiff only needs to assert facts constituting a <u>prima facie</u> showing that the defendant's conduct was sufficient for the court to exercise personal jurisdiction. See <u>Amerbelle</u>,

272 F. Supp. 2d at 192-93 (citations omitted). In ruling, the court must resolve all doubts in favor of the plaintiff, regardless of controverting evidence submitted by the defendant. See United States Surgical Corp. v. Imagyn Med. Tech., Inc., 25 F. Supp. 2d 40, 44 (D. Conn. 1998).

The court has personal jurisdiction if the defendant's conduct satisfies the requirements of (1) the forum state's long-arm statute; and (2) the Due Process Clause of the Fourteenth Amendment. Ensign-Bickford, 817 F. Supp. at 1026. If the defendant's conduct satisfies the requirements of the long-arm statute, then the court proceeds to determine whether it also satisfies the due process prong of the test. In making these determinations, the Court may consider affidavits submitted by the parties. See id. at 1026 ("To survive the motion [to dismiss], the plaintiff must make a 'prima facie showing' through affidavits or other evidence that the defendant's conduct was sufficient for the court to exercise personal jurisdiction."). See also Homecare Federation, Inc. v. Paragon Scientific Corp., 27 F. Supp. 2d 109, 112 (D. Conn. 1998) ("On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of showing that the court has jurisdiction over a defendant . . . The use of affidavits and supporting materials from a defendant is likewise proper under this Rule.").

B. Analysis[2]

Berean is incorporated in Delaware, and has its principal place of business in Chicago, Illinois. Thus, the relevant Connecticut long-arm provision is § 33-929(f), which sets forth the requirements for jurisdiction over foreign corporations. That section provides in relevant part that

---

[2]Subject matter jurisdiction is invoked on the basis of diversity of citizenship in the first amended complaint under 28 U.S.C. § 1332. This action was initially filed in the Connecticut Superior Court but was removed to this Court by Berean pursuant to 28 U.S.C. §§ 1441 and 1446.

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture, or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn. Gen. Stat. § 33-929(f).

Berean claims that none of these provisions of 33-929(f) applies to it. In its opposition to the motion to dismiss, Greystone asserts that Berean is authorized to, and has regularly, conducted securities transactions within Connecticut and that Berean holds itself out to the public as transacting business in Connecticut. Greystone also argues that its confidentiality and placement agent agreements with Berean were made in Connecticut and also contemplated performance within Connecticut, and that Berean has consented to personal jurisdiction in Connecticut by registering with the Connecticut Department of Banking.

The Court finds that the plaintiff has made a prima facie showing that the contracts in dispute were to be performed in Connecticut and therefore that jurisdiction is proper pursuant to § 33-929(f)(1). Regarding the confidentiality agreement, Greystone notes that Berean issued a press release indicating that "[t]he [CRA Securitizations] will be marketed initially to Massachusetts *and Connecticut* banks." See Mem. of Law in Opp. to Def.'s Mot. to Dismiss [Doc. # 47], Ex. L (emphasis added). Thus, the parties anticipated that the duty to not disclose

proprietary information regarding the venture would be performed–at least in part–in Connecticut. Although First Union was located in North Carolina, the parties' performance under the agreement could certainly involve Connecticut as the program was to be marketed in Massachusetts and Connecticut. As to the placement agent agreement, it also contemplated performance in Connecticut. Among other things, Greystone has alleged that Berean performed partially under this agreement by assisting in the prosecution of the companion case to this litigation–<u>Greystone Community Reinvestment Associates v. First Union National Bank</u>, 3:00cv871(CFD)–which was filed in Connecticut. In addition, although the first "focal point" of the program was financial institutions in Massachusetts, it was expected that the program was to be presented in Connecticut as well. Resolving all doubt in the plaintiff's favor, <u>see</u> <u>United States Surgical Corp</u>, 25 F. Supp. 2d at 44, these allegations satisfy the plaintiff's burden of making a prima facie showing that Berean's conduct was sufficient for the court to exercise personal jurisdiction. <u>See</u> <u>Amerbelle</u>, 272 F. Supp. 2d at 192-93 (citations omitted).

    Having determined that jurisdiction is proper under the Connecticut long arm statute, the Court must now address whether exercising jurisdiction over Berean would comport with the "minimum contacts" requirement of due process. "Minimum contacts" are established when a defendant "purposely avail[s] himself of the privileges and benefits" of the forum state. <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958); <u>see also</u> <u>United States Surgical Corp.</u>, 25 F. Supp. 2d at 44-45. The purposeful availment requirement protects defendants from being haled into court based on "random, fortuitous or attenuated contacts," <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985), and assures that they have "fair warning" that their conduct could subject them to suit in the forum state. <u>See</u> <u>Bensmiller v. E. I. DuPont de Nemours & Co.</u>, 47 F.3d 79, 85 (2d Cir.

1995) ("Such purposeful conduct provides a defendant with 'fair warning' that he and his property may be subject to the exercise of that forum state's power."). See also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (defendants subject to jurisdiction only where their "conduct and connection with the forum [s]tate [is] such that [they] should reasonably anticipate being haled into court there."). This inquiry is tied to whether "the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" Amerbelle, 272 F. Supp. 2d at 196 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Based on the allegations by Greystone that contract negotiations took place in Connecticut and the parties anticipated that mortgages would be marketed in Connecticut, the Court finds that Berean could reasonably have anticipated being brought into court here and that its connections to Connecticut were not "random, fortuitous, or attenuated contacts." Thus, the Court finds that the retention of jurisdiction over Berean also satisfies the requirements of due process. Therefore, to the extent that Berean's Motion to Dismiss [Doc. #38] is based on lack of personal jurisdiction, the motion is DENIED.

The motion is also DENIED to the extent that it asserts that the complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted and pursuant to Fed.R.Civ.P. 9 for failure to state fraud with particularity, without prejudice to filing a motion for summary judgment.

### III.    Motion for Partial Summary Judgment

Greystone's motion for partial summary judgment is DENIED, as the Court finds that there are genuine issues of material fact regarding, inter alia, whether Greystone was a party to

the confidentiality agreement between First Union and Berean (or whether it was a third party beneficiary of that agreement). Therefore, Greystone's Motion for Partial Summary Judgment [Doc. #44] is DENIED.

## IV.  Conclusion

For the preceding reasons, the defendant's Motion to Dismiss [Doc. # 38] and the plaintiff's Motion for Partial Summary Judgment [Doc. # 44] are DENIED.

SO ORDERED this 23rd day of July 2004, at Hartford, Connecticut.

_____
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE
