UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(HARTFORD)

| | |
|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC. | CIVIL ACTION NO. 302 CV 1703 (CFD) |
| V. | |
| BEREAN CAPITAL, INC. | AUGUST 24, 2004 |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

The plaintiff, Greystone Community Reinvestment Associates, Inc. (hereinafter "Greystone"), submits this Memorandum of Law in Opposition to Berean Capital, Inc.'s (hereinafter "Berean") Motion For Reconsideration of the Court's Ruling on the Defendant, Berean Capital, Inc.'s Motion to Dismiss First Amended Complaint. Berean has provided no matters or controlling decisions that the court has overlooked. Berean seeks to reargue the Court's Ruling dated July 23, 2004 in an ill fated attempt to have a second bite at the jurisdictional apple.

Firstly, the Court was made expressly aware in Greystone's opposition to dismissal brief that Greystone received Court-ordered jurisdictional discovery by means of the deposition of Dudley Brown. (Greystone's Opposition Brief dated July 28, 2003 @ p. 2) No full evidentiary hearing, however, was held. Secondly, the Court found in its Ruling that Greystone made a *prima facie* showing of personal jurisdiction. Additionally, the court, in applying the correct legal standard, found that Greystone's averments were <u>factually supported</u>.(Ruling @ pp. 5-6) Specifically, the

-1-

Court not only recognized that Greystone made a *prima facie* showing in its First Amended Complaint, but it also found factual support in:

> a press release indicating that "[t]he [CRA Securitization] will be marketed initially to Massachusetts and Connecticut banks" . . . [t]hus the parties anticipated that the duty to not disclose proprietary information regarding the venture would be performed-at least in part-in Connecticut . . . the program was to be marketed in Massachusetts and Connecticut. (Ruling @ pp. 5-6)

The Court went on to further find that:

> although the first "focal point" of the program was financial institutions in Massachusetts, it was expected that the program was to be presented in Connecticut as well. (Ruling @ p. 6)

Berean picks and chooses from the Court's Ruling and ignores where the Court goes on to find the factual support for Greystone's allegations. It is, therefore, clear that the Court applied the correct standard as set forth in Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). For these reasons, Berean's Motion for Reconsideration should be denied.

PLAINTIFF,

By: _____
Eliot B. Gersten (ct05321)
John J. Robaczynski (ct15636)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Tel: 860-527-7044
Its Attorneys

## CERTIFICATE OF SERVICE

This is to certify that on August 24, 2004, a copy of the foregoing was mailed, postage prepaid, to the following:

Thomas J. Finn, Esq.
McCarter & English LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

James T. Shearin, Esq.
Brian C. Roche, Esq.
Pullman & Comley LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

The Honorable William I. Garfinkel
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

_____
John J. Robacynski, Esq.