UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GREYSTONE COMMUNITY
REINVESTMENT ASSOCIATES, INC. :
    Plaintiff,

v.                                           :     Civil Action No. 3:02CV1703(CFD)

BEREAN CAPITAL, INC.,            :
    Defendant.

## RULING ON MOTION TO RECONSIDER

Pending is the defendant's Motion for Reconsideration of the Court's Ruling on the Defendant, Berean Capital Inc.'s Motion to Dismiss First Amended Complaint [Doc. # 64]. For the following reasons the motion is GRANTED, and after consideration the Court's Ruling on the defendant's Motion to Dismiss, dated July 23, 2004 is affirmed.

The defendant, Berean Capital, Inc. ("Berean") asserts that the Court did not apply the correct standard to its motion to dismiss. In ruling on the motion to dismiss, the Court stated that "[w]hen no discovery has been conducted, the plaintiff only needs to assert facts constituting a prima facie showing that the defendant's conduct was sufficient for the Court to exercise personal jurisdiction." Berean notes, however, that this Court had permitted jurisdictional discovery in this action. Berean claims that the appropriate standard in cases where discovery has been conducted is governed by Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194 (2d Cir. 1990), in which the Second Circuit held that "[a]fter discovery, the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant. At that point, the prima facie showing must be factually supported." Id. at 197. See also Ensign-

Bickford Co. v. ICI Explosives USA, Inc., 817 F. Supp. 1018, 1023 (D. Conn. 1993) ("With respect to the facial challenge, the court may consider only the materials in the complaint itself. With respect to the factual challenge, however, the court may also consider affidavits, deposition testimony, and other materials outside the complaint."). Berean further claims that, if the Court had applied this heightened standard, its motion to dismiss would have been granted.

The Court agrees that the standard set forth in Ball is the appropriate standard and should have been applied in the original ruling. However, upon reconsideration, and applying the Ball standard to the facts of this case, the Court finds that the plaintiff has met its burden and demonstrated that this Court has jurisdiction over Berean. For the reasons cited in the Court's original opinion,[1] the Court finds, applying the Ball standard and considering the evidence in the record, the Confidentiality Agreement contemplated performance in Connecticut. Therefore, jurisdiction is proper under Conn. Gen. Stat. § § 33-929(f).

Therefore, the Motion for Reconsideration [Doc. # 64] is GRANTED. After reconsideration, the Motion to Dimiss [Doc. # 38] is DENIED, and the Ruling of July 23, 2004 is affirmed.

SO ORDERED this 8th day of September 2004, at Hartford, Connecticut.

CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE

---

[1] Although the standard set forth in the Court's Ruling indicated that the plaintiff only had to make a prima facie showing of jurisdiction, the Court's opinion did contain a discussion of evidence in the record, such as the press release that indicated the CRA Securitizations would be offered in Connecticut.