UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., | : CIVIL ACTION NO.<br>: 3:02 CV 1703 (CFD) |
| Plaintiff, | : |
| v. | : |
| BEREAN CAPITAL, INC., | : |
| Defendant. | : SEPTEMBER 22, 2004 |

## ANSWER AND AFFIRMATIVE DEFENSES

The defendant, Berean Capital, Inc. ("Berean"), respectfully submits this Answer to the plaintiff's, Greystone Community Reinvestment Associates, Inc. ("Greystone"), First Amended Complaint, dated April 10, 2003 ("First Amended Complaint").

## JURISDICTION

1. Berean admits the allegations set forth in Paragraph 1 of the First Amended Complaint.

## PARTIES

2. Berean admits the allegations set forth in Paragraph 2 of the First Amended Complaint.

3. Berean denies the allegations set forth in Paragraph 3 of the First Amended Complaint, but admits that Berean is incorporated in Delaware and has its principal place of business located at 300 S. Wacker Drive, Chicago, Illinois, and that Berean was registered as a broker-dealer under the Connecticut Uniform Securities Act for a period of one day, effective January 3, 2003, to January 4, 2003, after the commencement of this action.

## **FACTUAL ALLEGATIONS**

4. Berean denies the allegations set forth in Paragraph 4 of the First Amended Complaint, but admits that Mr. Howard B. Brown, Jr. is the President of Greystone and the former Banking Commissioner for the State of Connecticut.

5. Berean denies the allegations set forth in Paragraph 5 of the First Amended Complaint.

6. Berean denies the allegations set forth in Paragraph 6 of the First Amended Complaint.

7. Berean denies the allegations set forth in Paragraph 7 of the First Amended Complaint.

8. Berean is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the First Amended Complaint, and therefore the allegations are denied.

9. Berean denies the allegations set forth in Paragraph 9 of the First Amended Complaint.

10. Berean denies the allegations set forth in Paragraph 10 of the First Amended Complaint, but admits that an opinion was sought from the U.S. Comptroller of the Currency regarding the CRA Securitization.

11. Berean denies the allegations set forth in Paragraph 11 of the First Amended Complaint.

12. Berean denies the allegations set forth in Paragraph 12 of the First Amended Complaint, but admits that Berean did not disclose the details of the CRA Securitization to First

Union Capital Markets Corp, a/k/a Capital Markets Group ("First Union"), before executing the Confidentiality Agreement, dated September 19, 1996 ("Confidentiality Agreement").

13. Berean denies the allegations set forth in Paragraph 13 of the First Amended Complaint.

14. Berean denies the allegations set forth in Paragraph 14 of the First Amended Complaint, but admits that through correspondence dated August 21, 1996, Mr. David Irving wrote to Mr. Wes Jones of First Union regarding the execution of the Confidentiality Agreement.

15. Berean denies the allegations set forth in Paragraph 15 of the First Amended Complaint, but admits that in or about February through September 1996, Berean communicated with Greystone regarding the CRA Securitization.

16. Berean denies the allegations set forth in Paragraph 16 of the First Amended Complaint.

17. Berean denies the allegations set forth in Paragraph 17 of the First Amended Complaint, but admits that the Confidentiality Agreement was entered into between Berean and First Union on or about September 19, 1996, which Agreement obligated First Union to keep information it received confidential.

18. Berean denies the allegations set forth in Paragraph 18 of the First Amended Complaint.

19. Berean denies the allegations set forth in Paragraph 19 of the First Amended Complaint.

20. Berean denies the allegations set forth in Paragraph 20 of the First Amended Complaint, but admits that information regarding the CRA Securitization was disclosed to First Union after the execution of the Confidentiality Agreement.

21. Berean denies the allegations set forth in Paragraph 21 of the First Amended Complaint.

22. Berean denies the allegations set forth in Paragraph 22 of the First Amended Complaint, but admits that a favorable opinion regarding the CRA Securitization was received from the U.S. Comptroller of the Currency.

23. Berean denies the allegations set forth in Paragraph 23 of the First Amended Complaint.

24. Berean denies the allegations set forth in Paragraph 24 of the First Amended Complaint.

25. Berean denies the allegations set forth in Paragraph 25 of the First Amended Complaint.

26. Berean denies the allegations set forth in Paragraph 26 of the First Amended Complaint.

27. Berean denies the allegations set forth in Paragraph 27 of the First Amended Complaint.

28. Berean is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the First Amended Complaint, and therefore the allegations are denied, but Berean admits that First Union elected to pursue a CRA Securitization with Bear Stearns. Berean further denies the allegation that it breached the Confidentiality Agreement.

29. Berean denies the allegations set forth in Paragraph 29 of the First Amended Complaint.

30. Berean denies the allegations set forth in Paragraph 30 of the First Amended Complaint, but admits that Greystone and Berean executed the Placement Agent Agreement, dated June 9, 1997 ("Placement Agent Agreement") for purposes of soliciting commitments in connection with the CRA Securitization.

31. Berean denies the allegations set forth in Paragraph 31 of the First Amended Complaint.

32. Berean denies the allegations set forth in Paragraph 32 of the First Amended Complaint.

33. Berean denies the allegations set forth in Paragraph 33 of the First Amended Complaint, but admits that First Union publicly offered a CRA Securitization with Bear Stearns.

34. Berean denies the allegations set forth in Paragraph 34 of the First Amended Complaint, but admits that Greystone filed suit against First Union.

35. Berean denies the allegations set forth in Paragraph 35 of the First Amended Complaint.

36. Berean denies the allegations set forth in Paragraph 36 of the First Amended Complaint, but admits that Mr. Dudley Brown sent correspondence dated June 14, 2001, to Greystone's counsel.

37. Berean is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the First Amended Complaint, and therefore the allegations are denied.

38. Berean denies the allegations set forth in Paragraph 38 of the First Amended Complaint, but admits that it filed a Statement of Claim, dated January 22, 2002, against First Union.

39. Berean denies the allegations set forth in Paragraph 39 of the First Amended Complaint, but admits that Greystone demanded that Berean provide a general release in connection with Greystone's suit against First Union.

40. Berean denies the allegations set forth in Paragraph 40 of the First Amended Complaint.

41. Berean admits the allegations set forth in Paragraph 41 of the First Amended Complaint.

## COUNT ONE
### (Breach of Confidentiality)

42. Berean denies the allegations set forth in Paragraph 42 of the First Amended Complaint.

43. Berean denies the allegations set forth in Paragraph 43 of the First Amended Complaint.

44. Berean denies the allegations set forth in Paragraph 44 of the First Amended Complaint.

45. Berean denies the allegations set forth in Paragraph 45 of the First Amended Complaint.

## COUNT TWO
### (Breach of Agency Agreement and Placement Agent Agreement)

1-44. Berean incorporates the statements set forth in Paragraphs 1 through 44 of this Answer as if fully set forth herein.

45. Berean denies the allegations set forth in Paragraph 45 of Count Two of the First Amended Complaint.

46. Berean denies the allegations set forth in Paragraph 46 of the First Amended Complaint.

47. Berean denies the allegations set forth in Paragraph 47 of the First Amended Complaint.

48. Berean denies the allegations set forth in Paragraph 48 of the First Amended Complaint.

49. Berean denies the allegations set forth in Paragraph 49 of the First Amended Complaint.

## COUNT THREE
### (Breach of Fiduciary Duty)

1-48. Berean incorporates the statements set forth in Paragraphs 1 through 48 of this Answer as if fully set forth herein.

49. Berean denies the allegations set forth in Paragraph 49 of Count Three of the First Amended Complaint.

50. Berean denies the allegations set forth in Paragraph 50 of the First Amended Complaint.

51. Berean denies the allegations set forth in Paragraph 51 of the First Amended Complaint.

52. Berean denies the allegations set forth in Paragraph 52 of the First Amended Complaint.

53. Berean denies the allegations set forth in Paragraph 53 of the First Amended Complaint.

54. Berean denies the allegations set forth in Paragraph 54 of the First Amended Complaint.

55. Berean denies the allegations set forth in Paragraph 55 of the First Amended Complaint.

56. Berean denies the allegations set forth in Paragraph 56 of the First Amended Complaint.

57. Berean denies the allegations set forth in Paragraph 57 of the First Amended Complaint.

## COUNT FOUR
### (Fraud)

1-56. Berean incorporates the statements set forth in Paragraphs 1 through 56 of this Answer as if fully set forth herein.

57. Berean denies the allegations set forth in Paragraph 57 of Count Four of the First Amended Complaint.

58. Berean denies the allegations set forth in Paragraph 58 of the First Amended Complaint.

59. Berean denies the allegations set forth in Paragraph 59 of the First Amended Complaint.

60. Berean denies the allegations set forth in Paragraph 60 of the First Amended Complaint.

61. Berean denies the allegations set forth in Paragraph 61 of the First Amended Complaint.

62. Berean denies the allegations set forth in Paragraph 62 of the First Amended Complaint.

## COUNT FIVE
### (Fraudulent Concealment)

1-61. Berean incorporates the statements set forth in Paragraphs 1 through 61 of this Answer as if fully set forth herein.

62. Berean denies the allegations set forth in Paragraph 62 of Count Five of the First Amended Complaint.

63. Berean denies the allegations set forth in Paragraph 63 of the First Amended Complaint.

64. Berean denies the allegations set forth in Paragraph 64 of the First Amended Complaint.

65. Berean denies the allegations set forth in Paragraph 65 of the First Amended Complaint.

66. Berean denies the allegations set forth in Paragraph 66 of the First Amended Complaint.

## COUNT SIX
### (Intentional Interference)

1-65. Berean incorporates the statements set forth in Paragraphs 1 through 65 of this Answer as if fully set forth herein.

66. Berean denies the allegations set forth in Paragraph 66 of Count Six of the First Amended Complaint.

67. Berean denies the allegations set forth in Paragraph 67 of the First Amended Complaint.

68. Berean denies the allegations set forth in Paragraph 68 of the First Amended Complaint.

69. Berean denies the allegations set forth in Paragraph 69 of the First Amended Complaint.

## COUNT SEVEN
### (Civil Theft)

1-69. Berean incorporates the statements set forth in Paragraphs 1 through 69 of this Answer as if fully set forth herein.

70. Berean denies the allegations set forth in Paragraph 70 of the First Amended Complaint.

71. Berean denies the allegations set forth in Paragraph 71 of the First Amended Complaint.

72. Berean denies the allegations set forth in Paragraph 72 of the First Amended Complaint.

## COUNT EIGHT
### (Unfair Trade Practices)

1-71. Berean incorporates the statements set forth in Paragraphs 1 through 71 of this Answer as if fully set forth herein.

72. Berean denies the allegations set forth in Paragraph 72 of Count Eight of the First Amended Complaint.

73. Berean denies the allegations set forth in Paragraph 73 of the First Amended Complaint.

74. Berean denies the allegations set forth in Paragraph 74 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Greystone has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

If Greystone sustained any damages as alleged, which Berean denies, such damages were not the proximate result of alleged acts or omissions of Berean.

### Third Affirmative Defense

If Greystone sustained any damages as alleged, which Berean denies, such damages were the proximate result of alleged acts or omissions of third parties over which Berean asserts no control.

### Fourth Affirmative Defense

Greystone's claims are barred, waived, or otherwise precluded by virtue of Greystone's lack of privity.

### Fifth Affirmative Defense

Greystone's claims are barred, waived, or otherwise precluded by virtue of the doctrines of acquiescence, waiver, consent, and/or estoppel.

### Sixth Affirmative Defense

Greystone's claims are barred by the applicable statute of limitations.

### Seventh Affirmative Defense

Greystone's claims are barred, waived, or otherwise precluded by virtue of the termination of the parties' agreement.

## **CERTIFICATION**

      This is to certify that on this 22nd day of September 2004, a copy of the foregoing was mailed, postage prepaid, to:

Eliot B. Gersten, Esq.
John J. Robacynski, Esq.
Allan W. Koerner, Esq.
Gersten & Clifford
214 Main Street
Hartford, Connecticut 06106

                                                                                                            Thomas J. Finn

HARTFORD: 622929.01

**Eighth Affirmative Defense**

Greystone's claims are barred, waived, or otherwise precluded by the doctrine of res judicata.

Dated: September 22, 2004
       Hartford, Connecticut

THE DEFENDANT,
BEREAN CAPITAL, INC.

By: /s/ Thomas J. Finn
Thomas J. Finn
Federal Bar No.: ct 20929
Paula Cruz Cedillo
Federal Bar No.: ct 23485
McCARTER & ENGLISH LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
Tel: 860.275.6700
Fax: 860.724.3397