UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 NOV 15 A 10: 59
U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., | : | CIVIL ACTION NO. 3:02 CV 1703 (CFD) |
| Plaintiff, | : | |
| v. | : | |
| BEREAN CAPITAL, INC., | : | |
| Defendant. | : | NOVEMBER 15, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO EXTEND THE DEPOSITION OF HOWARD B. BROWN, JR.**

**INTRODUCTION**

The defendant, Berean Capital, Inc. ("Berean"), respectfully submits this Memorandum of Law in support of its Motion to Extend the Deposition Howard B. Brown, Jr., dated November 15, 2004.

Berean requests this Court to extend the time in which to conduct the deposition of Mr. Howard B. Brown, Jr. ("Mr. Brown") on the grounds that a fair examination of Mr. Brown cannot be conducted in seven (7) hours. As President and Chief Executive Officer of the plaintiff, Greystone Community Reinvestment Associates, Inc. ("Greystone"), Mr. Brown was an integral part of the transactions and occurrences giving rise to this litigation and was involved in all aspects of the securitization at issue in this action. Given the complexity of this matter and the extensive factual circumstances at issue, additional time to depose Mr. Brown should be allowed in order to afford Berean a fair and adequate opportunity to examine the sole individual

on behalf of Greystone who possesses critical information relevant to this action. Accordingly, Berean's motion to extend the time for the deposition should be granted.

**FACTS**

Greystone commenced this action asserting causes of action against Berean for breaches of confidentiality and agency agreements, breach of fiduciary duty, fraud, fraudulent concealment, tortious interference with business relations, civil theft, and violation of the Connecticut Unfair Trade Practices Act, all stemming from a failed securitization of a pooling of mortgages. See First Amended Complaint, dated April 10, 2003 ("First Amended Complaint"). By way of Motion to Dismiss First Amended Complaint, dated June 6, 2003, Berean sought to dismiss these claims on the grounds that the Court lacked personal jurisdiction over Berean and that the causes of action failed to state a claim upon which relief may be granted. While the Motion to Dismiss was pending, Greystone cross-moved for partial summary judgment on July 28, 2003. Due to the complexity of this matter and the myriad of issues involved, the parties submitted well over one hundred (100) pages of legal briefs and numerous exhibits in support of their respective motions. After hearing oral argument on both motions, the Court denied both motions in their entirety.

Subsequent to the Court's ruling, the parties commenced conducting discovery in this matter. The deposition of Mr. Brown was properly noticed for November 15, 2004. See Notice of Deposition, dated November 3, 2004 (attached to the Motion as Exhibit A). Prior to the deposition, Berean, through its counsel, sought to obtain Greystone's consent to allow additional time in which to depose Mr. Brown beyond the time restrictions of Rule 30(d)(2), given the complexity of this matter and Mr. Brown's predominant involvement. Greystone objected to

Berean's request for additional time. As such, the deposition was postponed so that Berean could seek authorization from the Court to extend the length of Mr. Brown's deposition.

## ARGUMENT

### I. Additional Time to Take the Deposition Must be Allowed in order to Conduct a Fair Examination of Mr. Brown

Rule 30(d)(2) of the Federal Rules of Civil Procedure provides that, unless stipulated by the parties or authorized by the Court, the time to take a deposition is limited to one (1) day of seven (7) hours. See Fed. R. Civ. P. 30(d)(2). Rule 30(d)(2) further provides that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent...." Fed. R. Civ. P. 30(d)(2) (emphasis added). If the inquiries are fundamentally fair and not abusive or burdensome, then the deposition must be allowed to proceed as needed. See Raymond v. Ameritech Corp., No. 03C4509, 2004 WL 1381134, at *2 (N.D. Ill. May 7, 2004) (attached hereto as Exhibit 1).

Additional time to conduct the deposition of Mr. Brown is required to in order that Berean may conduct a fair examination of Mr. Brown. As the President and Chief Executive Officer of Greystone, Mr. Brown was an integral part of the transactions and occurrences which directly give rise to this litigation. Indeed, Greystone maintains that Mr. Brown created and developed the concept of the pooling and securitization of mortgages under the Community Reinvestment Act (the "CRA Securitization"), which securitization serves the basis of this action. Furthermore, Mr. Brown made all of Greystone's decisions, executed all agreements on behalf of Greystone, and the majority, if not all, of the communications with Greystone were through Mr. Brown. Given the numerous causes of action asserted against Berean, as well as the complexity of the CRA Securitization itself, there are a myriad of factual circumstances and

3

issues to explore in Mr. Brown's deposition which are not only relevant, but crucial to Berean's defenses in this action.

The need for additional time is further evidenced by the substantial materials previously submitted to the Court in connection with the parties' dispositive motions. This matter is factually intensive and, as the sole individual at Greystone who was integrally involved in all aspects of this matter, it is reasonable that Mr. Brown must be questioned regarding a wide range of issues relevant and germane to the claims asserted against Berean. As such, additional time beyond seven (7) hours is required to fairly examine Mr. Brown regarding these issues and to afford Berean a reasonable opportunity to conduct discovery. See Canal Barge Co. v. Commonwealth Edison Co., No. 98C0509, 2001 WL 817853, at *4 (N.D. Ill. July 19, 2001) (attached hereto as Exhibit 2) (holding that authorization to extend the time allowed for the deposition was appropriate because of the factual complexity of the matter and the numerous documents involved). Accordingly, Berean respectfully submits that the instant motion to extend the time allowed to depose Mr. Brown should be granted.

## CONCLUSION

Based on the foregoing, the defendant, Berean Capital, Inc., respectfully requests that the Court grant its Motion to Extend Deposition, dated November 15, 2004, and extend the time to depose Howard B. Brown, Jr.

Dated: November 15, 2004
       Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
BEREAN CAPITAL, INC.

By: /s/ Paula Cedillo
Thomas J. Finn
Federal Bar No.: ct 20929
Paula Cruz Cedillo
Federal Bar No.: ct 23485
McCARTER & ENGLISH LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
Tel: 860.275.6700
Fax: 860.724.3397

5

## **CERTIFICATION**

   This is to certify that on this 15th day of November 2004, a copy of the foregoing was mailed, postage prepaid, to:

Eliot B. Gersten, Esq.
John J. Robacynski, Esq.
Gersten & Clifford
214 Main Street
Hartford, Connecticut 06106

_____
Paula Cruz Cedillo

HARTFORD: 626926.01

Exh. 1

Slip Copy
2004 WL 1381134 (N.D.Ill.)
(Cite as: 2004 WL 1381134 (N.D.Ill.))

Page 1

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.

Wanda RAYMOND, Plaintiff,
v.
AMERITECH CORPORATION d/b/a SBC
Ameritech, Defendant.

No. 03 C 4509.

May 7, 2004.

Crystal Laprie Roberts, Barclay & Dixon, P.C., James Thomas Derico, Jr., Derico & Associates, P.C., Chicago, IL, for Plaintiff.

Michael F. Rosenblum, John F. Kuenstler, Gina M. Chang, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

GUZMAN, J.

*1 In this employment discrimination suit, Plaintiff Wanda Raymond has raised objections, pursuant to Fed.R.Civ.P. ("Rule") 72, to Magistrate Judge Edward A. Bobrick's Order of January 15, 2004 that granted in part and denied in part Plaintiff's motion for protective order and his January 27, 2004 Order that denied Plaintiff's motion to quash. For the following reasons, the Court rejects Plaintiff's objections and holds that neither order was clearly erroneous or contrary to law.

*FACTS*

After SBC Ameritech laid off Raymond and terminated her employment, she sued her former employer for age, race and sex discrimination, alleging she suffered emotional distress caused by defendant's alleged discriminatory treatment of her. During discovery, SBC Ameritech learned that since 1990, Raymond and her husband had $60,000 in credit card debt from their gambling, that prior to her layoff she had three mortgages on her home and had borrowed $30,000 from her sister, and that Raymond and her husband declared bankruptcy in December 2001, one month after her layoff, despite her earnings of $100,000 and her husband's receipt of almost $15,000 in social security benefits in 2001. When Raymond sought counseling from a social worker after her layoff, she indicated that she was struggling with her husband's debilitating neurological condition and financial problems associated with her lack of income, the bankruptcy, and her debts due in part to gambling.

On January 15, 2004, Magistrate Judge Edward A. Bobrick granted in part and denied in part Raymond's motion for a protective order. He denied the motion with respect to: (1) Raymond's personal medical records to the extent that there is any indication of her reporting emotional stress or any diagnosis of serious disease; (2) inquiries about stressors that may have an impact on her emotional state, such as her husband's illness, her financial problems, and her inability to find a suitable position after the layoff; (3) production of one year's worth of Raymond's credit card records for the purposes of determining whether her emotional distress was caused by her and her husband's gambling debts; and (4) inquiries at Raymond's deposition regarding her employment after the layoff for the sole purpose of mitigation. He granted the motion with respect to inquiries about sexual behavior and also held that defendant was not permitted to subpoena her subsequent employers. Although Raymond requested that he limit the length of her deposition, he denied the request stating that there had been no showing that the discovery process had become abusive or burdensome.

On January 27, 2004, Magistrate Judge Bobrick denied Raymond's motion to quash subpoenas of casino records from gambling facilities. He limited the scope of the subpoenas to documents relating to three years prior and one year subsequent to Raymond's layoff and also modified the scope of production of Raymond's credit card records to match that of the gambling facility records.

*2 Plaintiff now seeks to: (1) modify Magistrate Judge Bobrick's January 15 Order, which set no time limit for Plaintiff's deposition, so that the second session of Plaintiff's deposition is limited to three hours; (2) modify Magistrate Judge Bobrick's January 27 Order, which permitted discovery as to four years

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

of Plaintiff's credit card statements, to limit such discovery to one year of credit card statements; (3) modify Magistrate Judge Bobrick's January 27 Order, which permitted discovery as to four years of Plaintiff's and her husband's gambling, to disallow any such discovery; and (4) extend the discovery cut-off date.

## DISCUSSION

Pursuant to Rule 72(a), a magistrate judge "to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written Order setting forth the disposition of the matter." Fed.R.Civ.P. 72(a). A magistrate judge is authorized to make independent decisions on "any pretrial matter" with the exception of eight specified matters. 28 U.S.C. § 636(b). Although the list of eight dispositive motions under section 636(b) is not exclusive, in "[r]eading section 636(b) and Federal Rule 72 together, the term 'dispositive' in Rule 72(b) generally refers to those orders resolving these eight listed matters." See Adkins v. Mid-American Growers, Inc., 143 F.R.D. 171, 175 n. 3 (N.D.Ill.1992).

Routine discovery motions are considered to be "nondispositive" within the meaning of Rule 72(a). Id.; see Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990); Johnson v. Old World Craftsmen, Ltd., 638 F.Supp. 289, 291 (N.D.Ill.1986). The Federal Rules of Civil Procedure grant magistrate judges broad discretion in resolving discovery disputes. Heyman v. Beatrice Co., No. 89 C 7381, 1992 WL 245682, at *2 (N.D.Ill. Sept.23, 1992). A magistrate judge's ruling on a nondispositive matter may only be reversed on a finding that the ruling is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1).

As an initial matter, it would have been helpful if Plaintiff had cited the relevant portions of the transcripts of the two hearings to which she objected. She failed to do so, and as a result, the Court has been forced to review all eighty pages of the hearing transcripts in order to rule on her objections.

With regard to Plaintiff's request to limit her deposition to three hours, the Court does not find Magistrate Judge Bobrick's denial of her request for a time limit at the January 15, 2004 hearing was clearly erroneous. Pursuant to Rule 30(d)(2), "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Fed.R.Civ.P. 30(d)(2). On November 25, 2003, Defendant deposed Raymond for approximately seven hours and the deposition was authorized to be continued per Magistrate Judge Bobrick's November 17, 2003 Order granting Defendant's motion to compel. On January 15, 2004, at the hearing on Plaintiff's motion for a protective order, the parties addressed in depth the issues that were to be explored during Raymond's continued deposition, including causation of emotional distress, accompanying stressors, and mitigation of damages. Magistrate Judge Bobrick stated: "As long as the attorney is not asking repetitive questions or has become abusive, the deposition has not become abusive in nature, I'm not going to give anybody a time limitation." (1/15/04 Hr'g Tr. at 27-38.) He went on to say: "If there's unruly conduct with respect to the deposition, I'm available to issue any order that's necessary. If the inquiry is fundamentally fair, there is no abusive discovery, burdensome discovery, it's not repetitious, it's going into relevant matters, then the deposition has to go forward." (Id. at 39.)

*3 Due to the potentially wide range of issues as to which Raymond had yet to be deposed, it is clear that Magistrate Judge Bobrick's denial of a time limitation was not clearly erroneous or contrary to law. Further, Magistrate Judge Bobrick emphasized that if Defendant's inquiries at Raymond's continued deposition were to become abusive, burdensome, or repetitious, he would entertain objections if such an occasion arose, which is the appropriate way to treat such issues.

Next, Plaintiff objects to Magistrate Judge Bobrick's January 27, 2004 Order, which permitted discovery as to four years of Plaintiff's credit card statements, and instead seeks to limit such discovery to one year of credit card statements. She also objects to any discovery as to casino records of her or her husband's gambling losses.

"A party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues." Santelli v. Electro-Motive, 188 F.R.D. 306, 309, (N.D.Ill.1999). "[D]amages must be proportional to the injury actually caused by the defendant[.]" Merriweather v. Family Dollar Stores of Ind., Inc., 103 F.3d 576, 581 (7th Cir.1996); see Avitia v. Metro. Club of Chicago, Inc., 49 F.3d 1219, 1229 (7th Cir.1995).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Plaintiff testified at her deposition that since 1990, she and her husband had $60,000 in credit card debt from their gambling. She also testified that after the layoff, she told a social worker she was struggling with financial problems due in part to her bankruptcy and debts from gambling. Raymond further testified that she gambled after the layoff to pay her bills.

Plaintiff testified that she and her husband helped finance their gambling through cash advances on their credit cards. Defendant sought discovery of Plaintiff's credit card statements and casino records for the purpose of determining whether her and her husband's gambling caused or exacerbated her emotional distress. On January 15, 2004, Magistrate Judge Bobrick limited discovery as to her credit card statements to one year prior to the layoff. On January 27, 2004, at the hearing on the motion to quash the subpoenas relating to casino records, he revisited the issue because whether casino records were discoverable for the purpose of determining cause or exacerbation of emotional distress mirrored whether credit card statements were discoverable. Such reconsideration was not clearly erroneous given the identical purposes for which such discovery was sought. He stated that the period of discovery would be three years before and one year after the layoff with respect to casino records and credit card statements. In addition to damages for emotional distress, Raymond seeks $50,000 in damages because she alleges that her layoff caused her to draw down on her 401(k) benefits, which resulted in tax penalties. Whether the Raymonds' financial problems, including gambling debts, contributed to Plaintiff's damages is clearly an issue that Defendant should be allowed to explore. Merely because Plaintiff avers that she did not begin to have financial problems or seek counseling until after the layoff is an insufficient basis to disallow such relevant discovery. Plaintiff testified that her and her husband's gambling debts were amassed over several years. The Court finds that the discovery period of three years prior and one year subsequent to the layoff as set by Magistrate Judge Bobrick is clearly reasonable given the specific facts of this case. Accordingly, discovery as to Plaintiff's casino records and the discovery period as to such records and her credit card statements is not contrary to law or clearly erroneous.

*4 Lastly, Plaintiff seeks an extension of discovery because Defendant "almost refused to produce key witnesses" including David Conley, the decision maker, who was available only two days in February 2004. (Pl.'s Mot. Modify ¶ 29.) It appears from Defendant's response that the parties agreed to depose Conley in March 2004. Although Plaintiff opines that Defendant otherwise has abused the discovery process by being dilatory, she has not elaborated or pointed to concrete examples, and accordingly the Court declines to address such vague suggestions. Plaintiff simply fails to establish that an extension of discovery is necessary or warranted. Accordingly, with the exception of issues specifically addressed in this Memorandum Opinion and Order, discovery is closed. The Court denies Defendant's request for fees spent in responding to the instant motion. However, we must point out that nothing Plaintiff has presented or argued even approaches a finding of clearly erroneous or contrary to the law.

*CONCLUSION*

For the foregoing reasons, the Court denies Plaintiff's Motion to Modify Magistrate's Rulings on Discovery [doc. no. 24-1] and grants in part and denies in part Plaintiff's Motion for an Extension of Discovery [doc. no. 24-2].

SO ORDERED:

2004 WL 1381134 (N.D.Ill.)

Motions, Pleadings and Filings (Back to top)

• 1:03CV04509 (Docket) (Jun. 27, 2003)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exh. 2

30(b)(5):

> FN1. The Advisory Committee's Notes state: "Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available. When the documents are few and simple, and closely related to the oral examination, ability to proceed via this rule will facilitate discovery. If the discovering party insists on examining many and complex documents at the taking of the deposition, thereby causing undue burdens on others, the latter may, under Rules 26(c) or 30(d), apply for a court order that the examining party proceed via Rule 34 alone." Fed.R.Civ.P. 30(b)(5) advisory committee's notes.

*5 In essence, a document request under Rule 30(b)(5) is a complement to a Rule 30 deposition, not a substitute for a Rule 34 document request.... Thus, ... requests which fall under the rubric of a Rule 30(b)(5) deposition should be "few and simple" and "closely related to the oral examination" sought. Otherwise, the Court may assume that the document request falls under Rule 34 and, as such, is barred as untimely under the Court's scheduling order.
*Id.* at 133.

The riders at issue ask for broad categories of written documents, many of which are unlimited in time and would include documents generated during the entire thirty-year duration of the contract. (*See* Canal Barge's Reply at 6.) The Court finds that these document requests are neither "few and simple" nor "closely related to the oral examination sought." Canal Barge asserts that many of the requested documents have previously been produced to ComEd, [FN2] and this Court finds that Canal Barge is not required bring any documents to the deposition which it has already produced to ComEd. To the extent the riders solicit production of new documents which were not previously requested, or which were included in ComEd's additional proposed interrogatories which were rejected by this Court, the Court finds that these requests are untimely in light of the written discovery cut-off date of April 30, 2001.

> FN2. Neither party clarifies which documents contained within the Rider Requests have previously been requested and produced and which have not. Therefore, the Court makes no findings as to which documents within the Rider Requests Canal Barge has already produced.

Therefore, Canal Barge's motion to strike the riders attached to notices of depositions is granted. However, the Court will require that Canal Barge bring with it to the deposition any documents, not previously produced to ComEd, which the designee relied upon in preparing for the deposition.

IV. Conclusion

For the foregoing reasons, the Court finds that ComEd's Motion to Quash Notice of Deposition, (Docket Entry # 73), is DENIED and Canal Barge's Motion to Strike Notices of Rule 30(b)(6) Depositions and Riders Attached to Notices of Depositions, (Docket Entry # 71), is GRANTED in part and DENIED in part.

2001 WL 817853 (N.D.Ill.)

END OF DOCUMENT

Westlaw.

2001 WL 817853                                                                                    Page 1
2001 WL 817853 (N.D.Ill.)
**(Cite as: 2001 WL 817853 (N.D.Ill.))**

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.

CANAL BARGE COMPANY, Plaintiff/Counter-Defendant,
v.
COMMONWEALTH EDISON COMPANY, Defendant/Counter-Plaintiff.

No. 98 C 0509.

July 19, 2001.

MEMORANDUM OPINION AND ORDER

NOLAN, Magistrate J.

*1 Canal Barge Company (Canal Barge) has filed a Complaint against Commonwealth Edison Company (ComEd) seeking payment of two invoices for maintenance and insurance charges incurred in 1996-1997 for the upkeep of barges subject to a contractual agreement between the parties. ComEd admits that it failed to pay the amounts billed in the two invoices, and is asserting in its counterclaim that Canal Barge billed ComEd for invalid charges which fall outside the scope of the contract. This matter is before the Court on ComEd's Motion to Quash Notice of Deposition, (Docket Entry # 73), and Canal Barge's Motion to Strike Notices of Rule 30(b)(6) Depositions and Riders Attached to Notices of Depositions, (Docket Entry # 71). For the following reasons, ComEd's Motion to Quash is DENIED and Canal Barge's Motion to Strike is GRANTED in part and DENIED in part.

I. Federal Rule of Civil Procedure 30(b)(6)

Federal Rule of Civil Procedure 30(b)(6) allows litigants to name a business entity as a deponent. Rule 30(b)(6) is designed to prevent business entities from "bandying," the practice of presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity. *SmithKline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *8 (N.D.Ill. Jan. 24, 2000) (citing *Alexander v. F.B.I.*, 186 F.R.D. 148, 152 (D.D.C.1999)). Rule 30(b)(6) states in pertinent part that:

A party may in the party's notice and in a subpoena name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.... The persons so designated shall testify as to matters known or reasonably available to the organization.

Fed.R.Civ.P. 30(b)(6). The Rule gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporation's behalf. Fed.R.Civ.P. 30(b)(6) advisory committee's note. "For a Rule 30(b)(6) deposition to operate effectively, the deposing party must designate the areas of inquiry with reasonable particularity, and the corporation must designate and adequately prepare witnesses to address these matters." *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C.1996). Once the deposing party specifies the topics of the deposition, it becomes the corporation's duty to designate one or more individuals able to testify about the relevant areas. *Smithkline*, 2000 WL 116082, at *8.

A Rule 30(b)(6) deponent's testimony does not represent the knowledge or opinions of the deponent, but that of the business entity. *Taylor*, 166 F.R.D. at 361. In effect, the deponent is "speaking for the corporation," presenting the corporation's position on the topic. *Id.* The deponent must testify to both the facts within the knowledge of the business entity and the entity's opinions and subjective beliefs, including the entity's interpretation of events and documents. *Id.* A corporation is "bound" by its Rule 30(b)(6) testimony, in the same sense that any individual deposed under Rule 30(b)(1) would be "bound" by his or her testimony, however, this does not mean that the witness has made a judicial admission that formally and finally decides an issue. *W.R. Grace & Co. v. Viskase Corp.*, 1991 WL 211647 at *2 (N.D.Ill. Oct. 15, 1991)(citing *Brown & Root, Inc. v. American Home Assur. Co.*, 353 F.2d 113 (5th Cir.1965), *cert. denied*, 384 U.S. 943 (1966)).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

*2 In its Motion to Quash, ComEd generally argues that the topics designated by Canal Barge are inappropriate for inquiry in a Rule 30(b)(6) deposition. Specifically, Canal Barge groups its objections into the following three areas:

1) Topics 1-6, 9, 12 call for the designee to speculate and form legal conclusions
2) Topics 7, 8, and 11 request ComEd's position on the useful life of the barges, which requires the ComEd designee to sift though 600 pages of documents received from Canal Barge
3) Topics 10 and 13 call for the "legal defense strategies of ComEd with respect to Canal Barge's claims against ComEd."

The Court finds that all of these areas are proper areas of questioning in a Rule 30(b)(6) deposition. In the objections grouped under areas 1 and 3, ComEd argues against being required to provide any information which could be characterized as its legal position on the contracts at issue. Canal Barge responds by noting that ComEd's position in its defense of this case is that the work performed is not maintenance under the contracts. Canal Barge contends it is entitled to know the basis for that position. Canal Barge further asserts that ComEd has not claimed this information is protected by privilege and has cited to no case law in support of its opposition to the topics.

Generally, inquiry regarding a corporation's legal positions is appropriate in a Rule 30(b)(6) deposition. See U.S. v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C.1996). However, some inquiries are better answered through "contention interrogatories" when the questions involve complicated legal issues. See Taylor, 166 F.R.D. at 362 n. 7. Whether a Rule 30(b)(6) deposition or a Rule 33(c) contention interrogatory is more appropriate will be a case by case factual determination. Id. The Court finds in this case that there is both a legal and factual component to the interpretation of these contracts, and that Canal Barge's quite fact-specific inquiries into ComEd's position that the work performed on the barges was not maintenance are more appropriately posed in a Rule 30(b)(6) deposition rather than through contention interrogatories. Furthermore, Canal Barge is correct that ComEd has not asserted any privilege relating to any questions regarding it's "legal defenses" to the contracts.

ComEd's second general objection asserts that any inquiries by Canal Barge into the useful life of the barges (Topics 7, 8, and 11) would require ComEd's designee to review more than 600 documents and would therefore be unduly burdensome. Canal Barge responds by saying that it is ComEd who has put the useful life of the barges at issue by seeking discovery from Canal Barge on this topic. (See Canal Barge's Resp. at 9.) A corporation cannot "have [its] attorney assert that the facts show a particular position on a topic when, at the Rule 30(b)(6) deposition, the corporation asserts no knowledge and no position." Taylor, 166 F.R.D. at 363 n. 8. The Court finds that if ComEd wishes to introduce evidence and take a particular position regarding the useful life of the barges at trial, then it must submit to questioning regarding that position at the Rule 30(b)(6) deposition, and be prepared to discuss any documents relevant to that position.

*3 ComEd raises one further objection to the topics named by Canal Barge for the Rule 30(b)(6) deposition. ComEd states in its motion to quash (and attaches a supporting affidavit to this effect) that many of its most knowledgeable employees on these topics now work for Midwest Generation, with which ComEd is having a legal dispute. Therefore, ComEd argues, it is unable to designate any of these former employees, who have personal knowledge of these topics, as its representative. Canal Barge responds that there are certain former employees who may be knowledgeable about these matters who do not work for Midwest Generation, namely Roland Kraatz, George Rifakes, or James Small. Most importantly, Canal Barge points out that even if none of these employees could testify, ComEd still has a duty to designate a representative who has knowledge on these topics, even if the employee has no personal knowledge and has to be educated. The Court agrees that "if none of defendant's current employees has sufficient knowledge to provide plaintiffs with the requested information, defendant is obligated to 'prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation." ' Ierardi v. Lorillard, Inc., 1991 WL 158911, at *1 (E.D.Penn. Aug. 13, 1991) (citing Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C.1989)).

The Court finds that all of the topics listed by Canal Barge for its Rule 30(b)(6) deposition are appropriate, and therefore, DENIES ComEd's Motion to Quash.

III. Canal Barge's Motion to Strike Notices of Rule 30(b)(6) Depositions and Riders Attached to Notices of Depositions

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

On May 29, 2001, ComEd served six notices of depositions on Canal Barge pursuant to Rule 30(b)(6). A rider was attached to each notice requesting Canal Barge to produce documents contained within eleven separate categories. In this motion, Canal Barge requests that, since it plans only to produce one witness to testify as to all of the barges, ComEd be limited to only one single day of deposition testimony. Canal Barge also requests that the Court strike the riders requesting further documents as untimely requests for production of documents pursuant to Federal Rule of Civil Procedure 34.

A. Canal Barge's Request to Limit the Rule 30(b)(6) Deposition to One Day

Canal Barge's first request that ComEd's Rule 30(b)(6) deposition be limited to one seven-hour day is based upon Rule 30(d)(2) which limits the deposition of each witness to one day of seven hours. Under the Advisory Committee's Notes to Rule 30(d)(2), if a corporation designates more than one representative in response to a deposition notice under Rule 30(b)(6), the one day limit applies separately to each designee. Fed.R.Civ.P. 30(d)(2) advisory committee's notes. Canal Barge argues that when a party only designates one witness under Rule 30(b)(6), a party should not be able to circumvent the one witness, one day limit by issuing multiple notices covering the same subject matter. In Response, ComEd notes that the notices do not cover the same subject matter, in that the repair performed on each barge was unique, and requires individualized inquiry. ComEd argues that "[i]t is unreasonable to limit ComEd to ask detailed questions of the work done on 56 barges in one 7- hour time period." (ComEd's Resp. at 3.)

*4 In this case, as Canal Barge only plans to designate one witness to respond to all questions regarding the repair work on the barges, Rule 30(d)(2)'s one-day time restriction does apply. However, the language of Rule 30(d)(2) limits a deposition to one day of seven hours, "unless otherwise authorized by the court or stipulated by the parties." The Advisory Committee's Notes to Rule 30(d)(2) contemplate various factors a court may consider in determining whether to order an extension, including the need for an interpreter, if the examination will cover events occurring over a long period of time, if the witness will be questioned about numerous lengthy documents, or in multi-party cases. Fed.R.Civ.P. 30(d)(2) advisory committee notes. In this case, the Court finds that the factual complexity of discussing repair work performed on 56 barges and the need to refer to numerous accompanying documents justifies authorization to extend the time allowed for this deposition.

However, while the Court agrees with ComEd that the scope of this Rule 30(b)(6) deposition requires more than one day of questioning, it finds ComEd's request for six days to be excessive. ComEd has not provided the Court with any case authority for its argument that it can simply serve six separate notices of deposition under Rule 30(b)(6) and be automatically entitled to six full days of depositions regardless of the number of corporate representatives designated by Canal Barge. As Canal Barge points out in its Reply, the solution to the problem lies in requiring ComEd to make efficient use of its time. The Court finds that allowing ComEd up to three seven hour days in which to conduct its Rule 30(b)(6) deposition provides a compromise which allows ComEd ample time to question Canal Barge's designee regarding the repair work performed on the barges, while requiring ComEd to use its time in an efficient manner. Therefore, the Court is authorizing ComEd to use up to three seven hours days in its Rule 30(b)(6) deposition of Canal Barge, and Canal Barge's motion to strike this deposition in its entirely is denied.

B. Canal Barge's Request for the Court to Strike the Riders Attached to the Notices of Deposition

Canal Barge's second request is for the Court to strike all of the riders which ask for Canal Barge to produce numerous documents to ComEd at the depositions. ComEd attaches these riders pursuant to Rule 30(b)(5), which states: "The notice of a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request." Fed.R.Civ.P. 30(b)(5). Canal Barge objects to producing these documents on the basis that written discovery closed on April 30, 2001, and that a Rule 30(b)(5) request for production of documents made after the close of written discovery violates the requirements of Rule 34.

This Court follows the holding of *Carter v. United States,* 164 F.R.D. 132 (D.Mass.1995), referred to by both parties in their briefs. In *Carter,* the district court relied on language in the Advisory Committee's Notes to Rule 30(b)(5) [FN1] in coming to its holding that only the most narrow and relevant documents may be requested pursuant to Rule