UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GREYSTONE COMMUNITY** | : CIVIL ACTION NO.: 3:02 CV 1703 (CFD) |
| **REINVESTMENT ASSOCIATES, INC.** : | |
| | : |
| **V.** | : |
| | : |
| **BEREAN CAPITAL, INC.** | : AUGUST 7, 2007 |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO AMEND COMPLAINT**</u>

Plaintiff, Greystone Community Reinvestment Associates, Inc. ("Greystone"), respectfully submits this memorandum of law in support of its motion to amend the complaint against defendant, Berean Capital, Inc. ("Berean") to include a successor liability claim against Jackson Securities, Inc. ("Jackson Securities").

**I.  BRIEF FACTS:**

In late Summer of 2005, Greystone learned that Berean had purportedly joined forces with Jackson Securities to create one of the largest minority-owned investment banks in the country. Realizing the possible impact on the present litigation, Greystone immediately inquired of Berean's counsel as to the nature of the transaction. Shortly thereafter, Greystone was advised by Berean's counsel that Dudley Brown Jr., Berean's President, represented that no material change to Berean occurred as a result of joining forces with Jackson Securities. Indeed, it was represented that: **"Berean Capital and Jackson Securities have not merged, and Berean Capital still exists as an separate entity."** (Exhibit A)

During preparation for the trial scheduled for August 2007, the undersigned counsel for Greystone learned from the attached NASD Broker Check Report that Dudley Brown Jr., Berean's

President, misrepresented that materiality of joining forces with Jackson Securities. Specifically, this Broker Check Report quotes Dudley Brown representing to the NASD that: "**I have merged most of Berean Capital into Jackson Securities . . . Berean Capital now operates as a $5,000 BD [Broker/Dealer] with limited activities.**" (Exhibit B) This representation differs substantially from the earlier representations made to Greystone about the merger that did not happen. The merger has been further confirmed by a press release from Jackson Securities which states that: "**Jackson Securities LLC, a minority-owned investment banking firm headquartered in Atlanta, GA has merged with minority-owned Berean Capital, Inc. of Chicago, Illinois . . . The merger sets the precedent for strategic consolidation amongst minority firms in the financial sector . . . The newly structured firm will maintain the name Jackson Securities LLC. Dudley Brown will serve as Co-Chair CEO . . . The combined Jackson Securities has offices in Atlanta, Chicago, Houston, Dallas, Los Angeles, Miami, Milwaukee, Oakland, St. Louis and Stamford, CT.**" (Exhibit C) It now appears that Berean has admittedly been stripped via the merger/consolidation of assets into Jackson Securities and thus reduced to a shell with "limited" activities. Therefore, a successor liability claim against Jackson Securities is both necessary and warranted to protect the interests of Greystone in this litigation.

## II. LEGAL ARGUMENT:

Having admittedly misrepresented the merger/consolidation and the materiality of the transaction, Greystone now seeks to amend its Complaint to include Jackson Securities as a party defendant on the basis that Jackson Securities is the successor in interest to Berean. *See*, Mitchell v. CFC Financial LLC, 230 F.R.D. 548 (E.D. Wis., 2005). (A corporation created through a merger should reasonably expect to be a named party to a suit).

Furthermore, the basis for including Jackson Securities as a successor to Berean is under the general rule that:

> A corporation which purchases all the assets of another company does not become liable for the debts and liabilities of the predecessor unless (1) the purchase agreement expressly or impliedly so provides; (2) **there was a merger or consolidation of the two firms**; (3) the purchaser is a "mere continuation" of the seller; or (4) the transaction is entered into fraudulently for the purpose of escaping liability. (emphasis added)

Infrta-Metals, Co. v. Topper & Griggs Group, Inc., No. 3:05-cv-559 (JCH), 2005 WL 3211385, at *2 (D.Conn. November 30, 2005) (*quoting* Ricciardello v. J.W. Gant & Company, 717 F.Supp. 56, 57-58 (D.Conn. 1989). Because the two firms have been admittedly merged/consolidated they should both be named as defendants because one is but a shell while the other retains the combined assets thus establishing a claim for successor liability.

For these reasons, Greystone respectfully requests that its motion to amend be granted.

PLAINTIFF,<br>
GREYSTONE COMMUNITY<br>
REINVESTMENT ASSOCIATES, INC.

By: _____
Eliot B. Gersten (ct05321)
John J. Robaczynski (ct15636)
Gersten Clifford & Rome, LLP
214 Main Street
Hartford, CT 06106
Tel: (860) 527-7044
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2007, a copy of the foregoing was filed electronically and served by first class mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Thomas J. Finn, Esq.
McCarter & English LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

PLAINTIFF,
GREYSTONE COMMUNITY
REINVESTMENT ASSOCIATES, INC.

By: _____
Eliot B. Gersten (ct05321)
John J. Robacynski (ct15636)
Gersten Clifford & Rome, LLP
214 Main Street
Hartford, CT 06106
Tel: (860) 527-7044
Its Attorneys