UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., | : : : | CIVIL ACTION NO.: 3:02 CV 1703 (CFD) |
| Plaintiff, | : : | |
| v. | : : | |
| BEREAN CAPITAL, INC., | : : | |
| Defendant. | : | SEPTEMBER 7, 2007 |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT

McCARTER & ENGLISH, LLP
Thomas J. Finn
Federal Bar No.: ct 20929
tfinn@mccarter.com
Paula Cruz Cedillo
Federal Bar No.: ct 23485
pcedillo@mccarter.com
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
Tel: 860.275.6700
Fax: 860.724.3397

**ORAL ARGUMENT REQUESTED**
ME1 6645683v.2

## INTRODUCTION

Pursuant to Rule 7(a) of the Local Civil Rules of the United States District Court for the District of Connecticut, the defendant, Berean Capital, Inc. ("Berean"), submits this Memorandum of Law in Opposition to the plaintiff, Greystone Community Reinvestment Associates, Inc.'s ("Greystone") Motion for Leave to Amend Complaint, dated August 7, 2007 ("Motion").

The parties' deadline to amend the pleadings expired nearly four years ago. Formal discovery has been closed for over two years. There is no justifiable reason that would allow Greystone to amend its complaint at this late date -- particularly given the fact that Greystone has known about the information upon which it now relies in support of its Motion for <u>over two years</u>. Berean respectfully submits the Motion should be denied because any amendment would be futile and utterly untimely. Additionally, an amendment at this time would be unduly prejudicial to Berean as it would delay the trial of this matter as Greystone seeks to add new substantive allegations at this late stage of the proceedings. Accordingly, Greystone's request for leave should be denied.

Greystone seeks to amend its First Amended Complaint, dated April 10, 2003, to add Jackson Securities LLC ("Jackson Securities") as a party by alleging in conclusory fashion that Jackson Securities is a successor-in-interest to Berean due to a merger or consolidation between Berean and Jackson Securities. However, there has never been any "merger" or "consolidation" of Berean and Jackson Securities. Thus, Greystone's Motion is futile as it fails to state a claim upon which relief may be granted. "Merger" and "consolidation" are each distinct legal terms of art. A merger occurs when one corporation is absorbed into a second corporation, resulting in the second corporation continuing as an entity while the first corporation ceases to exist. A

consolidation occurs when two separate corporations combine to form a newly-created corporation, with the two former corporations ceasing to exist. Berean and Jackson Securities neither merged nor consolidated, as both still exist as separate and distinct legal entities. Indeed, Greystone concedes this fact by alleging that "[b]oth Jackson Securities LLC and Berean Capital, Inc., are owned, operated and/or controlled primarily by Dudley Brown, an officer in both corporations." By Greystone's own allegations and acknowledgment, there was neither a merger nor a consolidation. As Greystone cannot establish a valid claim for successor liability, the amendment sought would be futile. As such, the Motion must be denied.

Additionally, the proposed pleading seeks to add allegations that Berean falsely represented to Greystone that it did not merge or consolidate with Jackson Securities. These allegations cannot stand, as they are not pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Therefore, the Motion should be denied as futile due to Greystone's failure to state any valid claim upon which relief can be granted.

Furthermore, Greystone's motion is untimely. Because the deadline for amending the pleadings passed nearly five years ago, and the deadline for joining parties passed over four years ago, Greystone's motion is governed by the "good cause" standard of Rule 16(b) of the Federal Rules of Civil Procedure. Greystone fails to establish any good cause for its delay in bringing this Motion. Greystone's assertion that it just learned of a purported misrepresentation by Berean regarding whether Berean merged with Jackson Securities during trial preparation is both incorrect and misleading. Greystone first inquired about whether Berean and Jackson Securities merged <u>over two years ago</u> in July 2005. At that time, Berean's counsel accurately advised Greystone's counsel that Berean had not merged and invited Greystone's counsel to contact him with any questions. Moreover, Greystone subsequently deposed Berean's principal,

3

Mr. Dudley Brown, Jr. ("Mr. Brown"), in October 2005 and questioned Mr. Brown regarding the relationship between him, Berean, and Jackson Securities. Greystone had ample time to amend its complaint and/or seek additional discovery relating to whether Berean and Jackson Securities entered into a merger or consolidation agreement (which Berean and Jackson Securities did not). Indeed, the press release and Broker Check Report that Greystone relies upon in support of its Motion are dated June 2005 and December 2005 respectively. Greystone's undue delay in this regard necessitates the denial of its Motion.

Finally, granting Greystone's Motion will prejudice Berean because it will significantly delay the trial of this matter. Greystone seeks to add an entirely new party to this litigation as well as assert new substantive allegations. Contrary to Greystone's assertions, Jackson Securities is not simply a successor to Berean. It is a separate and distinct legal entity that may elect to retain its own counsel, conduct its own discovery, and file a dispositive summary judgment motion. Greystone further seeks to add substantive allegations relating to Berean's purported misrepresentations concerning the "merger" with Jackson Securities. Berean is entitled to conduct discovery relating to these allegations.

The Court is about to set a date for the trial of this matter. Formal discovery has been closed since May 31, 2005. The parties submitted a Joint Trial Memorandum on December 11, 2006. There is no justifiable reason that would allow Greystone to amend its complaint at this late date. Accordingly, Berean respectfully requests that the Court deny Greystone's Motion for Leave to Amend Complaint.

## FACTS

Greystone alleges eight causes of action against Berean in the First Amended Complaint: (1) breach of Confidentiality Agreement; (2) breach of agency agreement and placement agent

4

agreement; (3) breach of fiduciary duty; (4) fraud; (5) fraudulent concealment; (6) intentional interference with business expectations; (7) civil theft; and (8) violation of the Connecticut Unfair Trade Practices Act.  See First Amended Complaint, dated April 10, 2003.  At the outset of this litigation, the Court set a deadline of November 23, 2002, to amend the pleadings.  See Order on Pretrial Deadlines, dated September 23, 2002 [Docket No. 2].  The Court later extended the formal discovery deadline to May 31, 2005.  See Endorsement Order, dated January 12, 2005 (attached hereto as Exhibit A).

Prior to deposing Mr. Brown, Berean's principal, Greystone's counsel inquired of Berean's counsel concerning a purported merger between Berean and Jackson Securities.  See Email from John Robacynski, Esq. to Paula Cruz Cedillo and Thomas J. Finn, dated July 19, 2005 (attached to Greystone's Memorandum of Law in Support of Motion for Leave to Amend Complaint, dated August 7, 2007 ("Greystone's Memorandum"), as Exhibit A).  Berean's counsel responded that Berean and Jackson Securities had not merged, and that in fact they still existed as separate entities.  See Email from Thomas J. Finn to John Robacynski, Esq., dated August 11, 2005 (attached to Greystone's Memorandum as Exhibit A).  Berean's counsel further invited Greystone's counsel contact him with any questions.  See id.

Greystone subsequently deposed Mr. Brown on or about October 26, 2005, during which Greystone asked Mr. Brown about his relationship with both Berean and Jackson Securities.  See Transcript of Deposition of Dudley Brown, dated October 26, 2005 ("Brown Transcript"), at 4:22 - 8:8 (attached hereto as Exhibit B).  Greystone knew, as a result of the deposition of Mr. Brown, that Berean and Jackson Securities did not merge.  Mr. Brown testified regarding his interests in each of those entities, specifically, that he was fifty-percent owner of Jackson Securities as well as its co-chair and Chief Executive Officer.  See Brown Transcript at 6:24 -

5

7:16. Mr. Brown also testified that he remained owner, President, and Chief Executive Officer of Berean. See Brown Transcript at 7:17 - 22. Mr. Brown further testified about the different type of work each entity was involved in and that he was registered and licensed with each firm. See Brown Transcript at 5:8 - 6:20. Greystone had every opportunity at that time to ask Mr. Brown and explore whether there had ever been a merger or consolidation between Berean and Jackson Securities and the details of the relationship between the two entities. Greystone failed to do so. See id.

In fact, as is consistent with Mr. Brown's testimony in October 2005, Berean and Jackson Securities did not merge or consolidate. See Affidavit of Dudley Brown, Jr. in Support of Opposition to Motion for Leave to Amend Complaint, dated September 6, 2007 ("Brown Aff."), at ¶ 5. In 2005, Mr. Brown became a fifty-percent shareholder in Jackson Securities. See Brown Aff. at ¶ 3; Brown Transcript at 6:24 - 7:16. At the time, Berean contributed minimal assets such as furnishings and other similar office equipment to Jackson Securities in order to assist in the establishment of Jackson Securities' Chicago office. See id. at ¶ 4. In consideration for the contribution, Jackson Securities agreed to pay certain current liabilities of Berean incurred out of the day-to-day operations, not to exceed a certain sum. See id. at ¶ 4. However, Jackson Securities did not assume any of Berean's ongoing business liabilities, and Berean and Jackson Securities currently exist and conduct business as separate and distinct legal entities. See Brown Aff. at ¶¶ 4, 6.

Now, nearly two years after deposing Mr. Brown, Greystone seeks to amend its complaint, purportedly to add a claim against Jackson Securities for successor liability on a theory that Berean merged into or consolidated with Jackson Securities. See Greystone's Memorandum at 1-3. Not only does Greystone's proposed Second Amended Complaint seek to

6

add Jackson Securities as a defendant, it also sets forth new substantive allegations against both Berean and Jackson Securities.  See Proposed Second Amended Complaint (attached to Motion as Exhibit A).  The proposed pleading asserts new allegations of fraud and misrepresentation relating to purported statements regarding whether Berean merged or consolidated with Jackson Securities.  See id. at ¶¶ 3, 42, 57, 59, 65.

## ARGUMENT

A court may deny a motion for leave to amend on a number of grounds, including where: (1) the amendment would be futile; (2) the amendment has been unduly delayed; (3) the opposing party would be prejudiced; or (4) the amendment is sought for dilatory purposes or is made in bad faith.  See Coleman v. Aztec Lighting, No. Civ.A. 303CV1182, 2004 WL 213031, at *2 (D. Conn. Jan. 28, 2004) (Droney, J.) (attached hereto as Exhibit C); Baergas v. City of New York, No. 04CIV2944, 2005 WL 2105550, at *8 (S.D.N.Y. Sept. 1, 1995) (attached hereto as Exhibit D).  When a motion to amend is made after the court's deadline for such amendments, the higher "good cause" standard of Rule 16(b) of the Federal Rules of Civil Procedure applies to the motion to amend.  See, e.g., Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000); Sullivan v. Stein, No. 3:03CV1203, 2007 WL 1114028, at *1 (D. Conn. Apr. 10, 2007) (attached hereto as Exhibit E); Lau v. Merriam Motors, Inc., No. 3:04CV971, 2006 WL 1328785, at *1 (D. Conn. Feb. 22, 2006) (attached hereto as Exhibit F).  Greystone's Motion should be denied because the amendment would be futile, the motion is untimely, and Berean would be prejudiced by the amendment.[1]

---

[1] Although Berean does not assert that Greystone filed its Motion for dilatory purposes or in bad faith, the granting of Greystone's motion will undoubtedly delay the trial of this matter.  See infra Part III.

7

I.   **Greystone's Motion Should be Denied Because the Proposed Amendment Is Futile**

   A.   **There is No Merger or Consolidation Between Berean and Jackson Securities**

"A proposed amendment is futile when it fails to state a claim." Baergas, 2005 WL 2105550, at *8. "It is appropriate to deny a motion for leave to amend based on futility where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." See Coleman, 2004 WL 213031, at *2; see also Parker, 204 F.3d at 339 (holding that where an amendment to a complaint would fail to state a cause of action, the court may properly deny the party's request to amend). Greystone seeks to impose successor liability upon Jackson Securities through the erroneous assertion that Jackson Securities and Berean have merged or consolidated. However, as previously discussed, both exist as separate and distinct legal entities. Moreover, Greystone's allegations relating to any merger or consolidation with Jackson Securities are both conclusory and contradictory. As Greystone cannot prove any facts in support of its claim, an amendment would be futile. Accordingly, the Motion should be denied.

Through the proposed amendment, Greystone seeks to assert a claim for successor liability against Jackson Securities.[2] See Greystone's Memorandum at 2. In support of its Motion, Greystone relies on inartful language in statements by Mr. Brown and a Jackson Securities press release in an attempt to demonstrate that Berean misrepresented its relationship with Jackson Securities. However, these statements do not and cannot alter the legal relationship between Berean and Jackson Securities. There has never been any "merger" or "consolidation" of Berean and Jackson Securities. "Merger" and "consolidation" are legal terms of art. "A

---

[2] In addition, when a movant seeks to add a party through a motion to amend, the movant must also demonstrate that the requirements of Rule 20 of the Federal Rules of Civil Procedure are met. See Pettus v. Wright, No. 04-CV-6203L, 2007 WL 148755, at *2-3 (W.D.N.Y. Jan. 11, 2007) (considering both Rule 20 and Rule 15 in denying motion to amend pleading to add additional defendants) (attached hereto as Exhibit G). Greystone fails to address Rule 20 or make any showing under Rule 20, in either its Motion or supporting Memorandum.

8

merger contemplates the absorption of one corporation by another which retains its name and corporate identity with the added capital, franchise, and powers of a merged corporation. A consolidation envisions the joining together of the two corporations so that a totally new corporation emerges and the two others cease to exist." See Ricciardello v. J.W. Gant & Co., 717 F. Supp. 56, 58 (D. Conn. 1989).

Neither a merger nor a consolidation occurred between Berean and Jackson Securities. See Brown Aff. at ¶ 5. In 2005, Mr. Brown became a fifty-percent shareholder in Jackson Securities. See id. at ¶ 3. At the time, Berean contributed minimal assets such as furnishings and other similar office equipment to Jackson Securities. See id. at ¶ 4. In consideration for the contribution, Jackson Securities agreed to pay certain current liabilities of Berean incurred out of the day-to-day operations, not to exceed a certain sum. See id. at ¶ 4. However, Jackson Securities did not assume any of Berean's ongoing business liabilities, and Berean and Jackson Securities continue to exist and conduct business as separate and distinct legal entities. See Brown Aff. at ¶¶ 4, 6. The assertions set forth in the Broker Check Report and press release concerning a "merger" of the two entities were not made in the legal sense of the term. Rather, they refer to the merger of resources between Berean and Jackson Securities in the financial investment marketplace. See Brown Aff. at ¶ 7. Such assertions concerning the alignment of the two companies for marketing purposes does not alter their legal relationship and cannot serve to impose legal obligations or liabilities between the entities where none exist.

Moreover, Greystone's allegation that Berean and Jackson Securities "merged/consolidated" is directly contradicted by its allegation that "[b]oth Jackson Securities LLC and Berean Capital, Inc., are owned, operated and/or controlled primarily by Dudley Brown, an officer in both corporations." Proposed Second Amended Complaint at ¶ 3 (emphasis

9

added). By its own allegations, Greystone acknowledges that both Berean and Jackson Securities are separate and distinct entities, and therefore cannot have merged or consolidated. Accordingly, Greystone has failed to adequately set forth a claim for successor liability upon which relief may be granted and the Motion should be denied as futile.

### B.    Greystone's New Allegations Are Not Pled with Sufficient Particularity Under Rule 9(b) of the Federal Rules of Civil Procedure

By way of the proposed amendment, Greystone attempts to assert new substantive allegations relating to purported fraud and misrepresentations by Berean regarding its relationship with Jackson Securities. See Proposed Second Amended Complaint at ¶¶ 42, 57, 59, 65. As these allegations form part of the predicate for Greystone's claims of fraud, fraudulent concealment, and breach of fiduciary based on fraud, the allegations must be pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 9(b); Veritas-Scalable Inv. Prods. Fund, LLC v. FB Foods, Inc., No. 3:04 CV 1199, 2006 WL 2520262, at *5 (D. Conn. July 26, 2006) (attached hereto as Exhibit H) (denying motion to amend based on futility where proposed amendment did not satisfy requirements of Rule 9(b)).

Rule 9(b) provides that "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "In order to satisfy this rule, a plaintiff should specify the time, place, speaker, and content of the alleged misrepresentations." Goudis v. American Currency Trading Corp., 233 F. Supp. 2d 330, 333 (D. Conn. 2002) (citing Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir. 2001)). "The complaint must also explain how these representations were fraudulent and plead those events which give rise to a strong reference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." Goudis, 233 F. Supp. 2d at 333 (citing Caputo, 267 F. 3d at 191).

10

Greystone's new allegations fail to satisfy the pleading requirements of Rule 9(b). The allegations sought to be asserted do not set forth the particular fraudulent statements made or the requisite factual circumstances surrounding those statements. See Proposed Second Amended Complaint at ¶¶ 42, 57, 59, 65. As these allegations fail to provide the specificity needed to satisfy the particularity requirement of Rule 9(b), Greystone has failed to state a claim upon which relief may be granted. See Veritas-Scalable Inv. Prods. Fund, 2006 WL 2520262, at *5. Accordingly, Greystone should not be permitted to amend its complaint to add these allegations.

### II.   Greystone's Motion Should be Denied Because the Proposed Amendment is Untimely

"The Second Circuit has made it clear that the good cause standard of Rule 16 supersedes the more liberal standard of Rule 15(a) when, as here, a motion to amend is filed after the deadline for amending pleadings set by a court's scheduling order has passed." Lau, 2006 WL 1328785, at *1 (citing Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2002)); see also Sullivan, 2007 WL 1114028, at *1 (same). A finding of good cause is dependent upon the diligence of the movant. Parker, 204 F.3d at 340. The amendment sought by the instant Motion is untimely and Greystone has failed to establish any good cause for its delay in bringing the instant Motion. As such, the Motion should be denied.

In support of its Motion, Greystone asserts that in August 2007, it learned from an NASD Broker Check Report and through a press release issued by Jackson Securities that Berean had misrepresented the true nature of the relationship between Berean and Jackson Securities. See Greystone's Memorandum at 1-2. Notably, however, the statement in the NASD Broker Check Report upon which Greystone relies was made in connection with a matter that was resolved in December 2005. See Exhibit B attached to Greystone's Memorandum. Furthermore, the press

11

release upon which Greystone now relies was issued in June 2005.  See Exhibit C attached to Greystone's Memorandum.  There is no reasonable justification -- nor has Greystone offered any -- for Greystone's delay in seeking an amendment of the complaint now, nearly two years later, when this information has been available since 2005.  Greystone's claim that it only learned of this information in August 2007 does not excuse its lack of diligence and failure to explore the nature of the purported relationship between Berean and Jackson Securities when it had ample opportunity to do so through various means, including discovery.  It chose not to.

Indeed, Greystone has been aware of what it characterizes as a "merger/consolidation" of Berean and Jackson Securities for over two years.  Greystone first inquired about the relationship between the entities in July 2005.  See Exhibit A attached to Greystone's Memorandum.  Greystone's counsel even questioned Mr. Brown about the relationship between him, Berean, and Jackson Securities at Mr. Brown's deposition in October 2005.  See Brown Transcript at 4:22 - 8:8.  Greystone had ample time to amend its complaint or seek additional discovery at that time.  However, it failed to do so, and now fails to offer any good cause for its delay in seeking such a late amendment at this time.  See Lau, 2006 WL 1328785, at *1 (holding there was no good cause to allow an amendment where plaintiff was aware of relevant facts for years and throughout the course of the litigation).  Accordingly, its Motion should be denied as untimely.

### III. Greystone's Motion Should be Denied Because an Amendment Would Cause Undue Prejudice to Berean

Greystone's proposed amendment should not be permitted because it will delay the trial of this case by requiring the reopening of discovery over two years after the passing of the discovery deadline.  See Gause v. Suffolk County, No. 02CV4600, 2007 WL 330241, at *2 (E.D.N.Y. Jan. 25, 2007) (denying motion for leave to amend where amendment would require

12

re-opening of discovery due to additional facts and allegations in the proposed amendment and prejudice defendants by delaying the litigation) (attached hereto as Exhibit I); Clark v. Westchester County, No. 96 CIV. 8381, 1998 WL 214772, at *6 (S.D.N.Y. May 1, 1998) (denying motion for leave to amend where amendment would require re-opening of discovery and delay the litigation) (attached hereto as Exhibit J).

Greystone contends that further discovery is unnecessary due to the purported "admission" by Berean that it has merged into Jackson Securities. See Motion at 1. However, such an assertion is belied by the facts that (1) there is no admission of merger (and, in fact, no merger); and (2) Jackson Securities will want to conduct discovery. Jackson Securities is a separate and distinct legal entity that may elect to retain separate counsel, conduct its own discovery, and file a dispositive summary judgment motion. This will undoubtedly delay trial.

Berean will also want to conduct further discovery. Greystone has added a number of additional substantive allegations relating to the fraud and misrepresentations purportedly made by Berean. See Proposed Second Amended Complaint at ¶¶ 42, 57, 59, 65. For example, Greystone now claims that Berean breached its fiduciary duty to Greystone "by misrepresenting the materiality of joining forces with Jackson Securities." Proposed Second Amended Complaint at ¶ 42. Berean is entitled to conduct discovery relating to, inter alia, what duty Berean owed to Greystone and what representations were made. See Lau, 2006 WL 1328785, at *2 (holding that defendant would be entitled to conduct discovery on new allegations if amendment was allowed). Accordingly, the trial of this matter would have to be delayed to complete this discovery. This would prejudice Berean, and therefore Greystone's Motion should be denied.

**CONCLUSION**

Greystone seeks to amend the First Amended Complaint at this late date based on information it obtained over two years ago. There is no justification for Greystone's delay in bringing this Motion. Greystone's Motion is futile, untimely, and, if granted, would unduly prejudice Berean. For all of these reasons, Greystone's Motion for Leave to Amend the Complaint should be denied.

Dated: September 7, 2007
       Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
BEREAN CAPITAL, INC.

By:   /s/ Thomas J. Finn
     Thomas J. Finn
     Federal Bar No.: ct 20929
     Paula Cruz Cedillo
     Federal Bar No.: ct 23485
     McCarter & English LLP
     City Place I
     185 Asylum Street
     Hartford, Connecticut 06103
     Tel.: 860.275.6700
     Fax: 860.724.3397

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of September, 2007 a copy of the foregoing Memorandum of Law in Opposition to Motion Amend Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

            /s/ Thomas J. Finn
              Thomas J. Finn