# EXHIBIT 'A'

APPROVED and SO ORDERED
Christopher F. Droney, U.S.D.J.
Hartford, CT

124

FILED
2004 DEC -3 A 9 50
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(HARTFORD)

| | |
|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., Plaintiff, | : CIVIL ACTION NO.: 3:00-CV-871(CFD) |
| vs. | |
| FIRST UNION NATIONAL BANK Defendant. | |

| | |
|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., Plaintiff, | : CIVIL ACTION NO.: 3:02-CV-1703(CFD) |
| vs. | |
| BEREAN CAPITAL, INC. Defendant. | : NOVEMBER 30, 2004 |

## REPORT OF PARTIES' PLANNING MEETING
(Greystone v. Berean)

**PARTIES:**

Plaintiff:   GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC.

Defendant:   BEREAN CAPITAL, INC.

**DATE COMPLAINT FILED:**

This action was removed to Federal Court pursuant to 28 U.S.C. §1441, et seq. on September 23, 2002. The First Amended Complaint was subsequently filed on April 10, 2003.

**DATE COMPLAINT SERVED:**

On August 23, 2002, the Plaintiff, Greystone Community Reinvestment Associates, Inc. (hereinafter "Greystone"), commenced this action by service of a Summons and, Complaint, on

FILED
'05 JAN 1 P 3: 35
U.S. DISTRICT COURT
HARTFORD, CT.

FILED
2004 DEC -3 A 9 51
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(HARTFORD)

| | |
|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., Plaintiff, | CIVIL ACTION NO.: 3:00-CV-871(CFD) |
| vs. | |
| FIRST UNION NATIONAL BANK Defendant. | |
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., Plaintiff, | CIVIL ACTION NO.: 3:02-CV-1703(CFD) |
| vs. | |
| BEREAN CAPITAL, INC. Defendant. | NOVEMBER 30, 2004 |

## REPORT OF PARTIES' PLANNING MEETING
(Greystone v. Berean)

**PARTIES:**

Plaintiff:    GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC.

Defendant:    BEREAN CAPITAL, INC.

**DATE COMPLAINT FILED:**

This action was removed to Federal Court pursuant to 28 U.S.C. §1441, et seq. on September 23, 2002. The First Amended Complaint was subsequently filed on April 10, 2003.

**DATE COMPLAINT SERVED:**

On August 23, 2002, the Plaintiff, Greystone Community Reinvestment Associates, Inc. (hereinafter "Greystone"), commenced this action by service of a Summons and, Complaint, on

Berean Capital, Inc. (hereinafter "Berean") and thereafter filed said action in Connecticut Superior Court for the Judicial District of Hartford at Hartford (hereinafter, the "State Court Action").

**DATE OF DEFENDANT'S APPEARANCE:** September 23, 2002.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on December 1, 2002. The participants were: John J. Robacynski, Esq. for Plaintiff, Greystone and Michael K. Stanton, Esq. for Defendant, Berean. A second conference was held on November 30, 2004. The participants were: John J. Robacynski, Esq. for Plaintiff, Greystone and Paula Cruz Cedillo, Esq. for Defendant, Berean.

### I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

### II. JURISDICTION

#### A. *Subject Matter Jurisdiction*

Jurisdiction is premised upon 28 U.S.C. §1332.

#### B. *Personal Jurisdiction*

Berean contested the Court's exercise of personal jurisdiction pursuant to Connecticut long arm statute, C.G.S. § 33-929(f), by filing a Motion to Dismiss First Amended Complaint, dated June 6, 2003. Particularly, Berean sought the dismissal of this action on grounds that Berean is not subject to any of the provisions of C.G.S. § 33-929(f), nor does it have sufficient

contacts with Connecticut that would comport with the requirements of the Due Process Clause. The Court denied the Motion by its Ruling dated July 23, 2004

### III.    BRIEF DESCRIPTION OF CASE

*A.*    *Claims of Plaintiff:* Greystone claims that Defendant Berean breached its agreement to protect Greystone's confidential information. Greystone retained Berean to find a venture partner to pursue and promote a unique and confidential CRA Mortgage Securitization concept created by Greystone and to protect Greystone's confidential and proprietary information during the process. As part of this undertaking, Berean introduced Greystone to First Union National Bank ("First Union") and later negotiated a confidentiality agreement with First Union that was intended to protect Greystone's interests. Months after receiving Greystone's confidential information, First Union secretly undertook a competing CRA Mortgage Securitization and usurped Greystone's transaction. The present action arises because Greystone's unique idea was not protected by Berean, Greystone's agent, and because Berean did not support its principal. In a separate action captioned Greystone Community Reinvestment Associates v. First Union National Bank, First Union has alleged that the Confidentiality Agreement is: 1) only a non-circumvention agreement intended to protect Berean; 2) not intended to protect Greystone or its information; and 3) not intended to preclude First Union from undertaking its own CRA Securitization.

*B.*    *Defenses and Claims of Defendant:* Berean denies the allegations of the First Amended Complaint in their entirety and contends that Greystone has failed to state any cause of action upon which relief may be granted. Berean also maintains that any damages that Greystone may have incurred, which Berean denies, were not caused by Beran, but rather by the acts or omissions of First Union, a third party over which Berean has no control. Berean

further maintains that Greystone's claims are barred or otherwise precluded by the parties' lack of privity, the doctrines of acquiescence, waiver, consent, and/or estoppel, res judicata, applicable statute of limitations, and the termination of the parties' agreement.

### IV.    STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following materials facts are undisputed:

1. Greystone is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

2. Berean is a Delaware corporation with its principal place of business in Chicago, Illinois.

3. The Confidentiality Agreement prohibited First Union from disclosing any information it received in connection with the proposed CRA Mortgage Securitization at issue in this action.

4. First Union issued a competing CRA Mortgage Securitization following the disclosure of the confidential information it received pursuant to the Confidentiality Agreement.

5. First Union issued a competing CRA Mortgage Securitization.

### V.    CASE MANAGEMENT PLAN

*A.    Standing Order on Scheduling in Civil Cases.*

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:.

*B.    Scheduling Conference with the Court.*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.    *Early Settlement Conference.***

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties, as well as representatives of First Union, will participate in a settlement conference before the Honorable William I. Garfinkel, United States Magistrate Judge, on December 7, 2004.

2.    The parties do not request an additional settlement conference at this time.

3.    The parties prefer a settlement conference with Magistrate Judge Garfinkel.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

**D.    *Joinder of Parties and Amendment of Pleadings.***

1.    No additional parties need to be joined.

**E.    *Discovery.***

1.    The parties anticipate that discovery will be needed on the following subjects:

(a) The business relationship between Berean and Greystone.

(b) Greystone's alleged engagement of Berean to act as its agent with respect to the CRA Mortgage Pool Securitization.

(c) The September 1996 Confidentiality Agreement entered into between Berean and First Union including but not limited to the purpose of said Agreement.

(d) Berean's dealings with First Union.

(e) Greystone's dealings and communications with First Union.

(f) Berean's arbitration against First Union.

(g) The concept and development of the CRA Mortgage Securitization.

(h) The issuance of a competing CRA Mortgage Securitization by First Union and Bear Stearns.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence immediately and be completed (not propounded) by May 31, 2005.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by May 31, 2005..

5. The parties anticipate that the Plaintiff will require a total of 3 depositions of fact witnesses and that the Defendant will require a total of 5 depositions of fact witnesses. The depositions will commence immediately and be completed by May 31, 2005.

6. The parties may request permission to serve more than 25 interrogatories.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 1, 2005. Depositions of any such experts will be completed by April 31, 2005.

8. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 1, 2005. Depositions of any such experts will be completed by May 31, 2005.

9. A damages analysis will be provided to any party who has a claim or counterclaim for damages by June 1, 2005.

   F.   *Dispositive Motions.*

Dispositive motions will be filed on or before August 1, 2005.

### G. Joint Trial Memorandum.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed thirty (30) days after the Court rules on any dispositive motions. If no dispositive motions are filed, then the Joint Trial Memorandum will be filed when directed by the Court.

### VI. TRIAL READINESS

The case will be ready for trial by September 2005.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF,
GREYSTONE COMMUNITY
REINVESTMENT ASSOCIATES,
INC.

By: _____
Eliot B. Gersten ct05231
John J. Robacynski. ct15636
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Tel. (860) 527-7044

THE DEFENDANT,
BEREAN CAPITAL,
INC.

By: _____
Thomas J. Finn ct20929
Paula Cruz Cedillo ct23485
McCarter & English LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
Tel. (860) 275-6700

# EXHIBIT 'B'

Case 3:02-cv-01703-CFD    Document 112-2    Filed 09/07/2007    Page 10 of 14

# EXHIBIT 'B'

# In The Matter Of:

## Greystone Community Reinvestment Associates, Inc. v. Berean Capital, Inc.

*Dudley Brown*

*October 26, 2005*

Talamo Court Reporters, Inc.
100 West Monroe Street
Suite 2222
Chicago, IL 60603
(312) 641-3500

**Word Index included with this Condensed Transcript**

```
                                                              Page 1
 1           IN THE UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
 2

 3   GREYSTONE COMMUNITY          )
     REINVESTMENT ASSOCIATES,     )
 4   INC.,                        )
                                  )
 5           Plaintiff,           )
                                  )  No. 3:02 CV 1703
 6      vs.                       )  (AWT)
                                  )
 7   BEREAN CAPITAL, INC.,        )
                                  )
 8           Defendant.           )

 9           The deposition of DUDLEY BROWN, taken in

10   the above-entitled cause before Cynthia L. Rawson,

11   a notary public within and for the County of

12   McHenry and State of Illinois, taken pursuant to

13   the Federal Rules of Civil Procedure for the United

14   States District Courts, at One IBM Plaza,

15   Suite 4400, Chicago, Illinois, on the 26th day of

16   October, 2005, at the hour of 9:37 a.m.

17

18

19

20

21

22

23

24
```

Page 2

1  APPEARANCES:
2
   GERSTEN & CLIFFORD,
3  214 Main Street,
   Hartford, Connecticut 06106,
4  (860) 527-7044, by:
   MR. ELIOT B. GERSTEN,
5
       On behalf of the Plaintiff;
6
   MCCARTER & ENGLISH, LLP,
7  185 Asylum Street,
   Hartford, Connecticut 06103-3495,
8  (860) 275-6700, by:
   MR. THOMAS J. FINN,
9
       On behalf of the Defendant.
10
11 REPORTED BY: CYNTHIA L. RAWSON, C.S.R., R.P.R.
12
13
14
15
16
17
18
19
20
21
22
23
24

Page 3

1                I N D E X
2  WITNESS                    EXAMINATION
3  DUDLEY BROWN
4      By Mr. Gersten              4
5
6
7
8
9           EXHIBITS
10 NUMBER                  MARKED FOR ID
11 D. Brown Deposition Exhibit
12     No. 27                    53
13
14
15
16
17
18
19
20
21
22
23
24

Page 4

1           (Witness duly sworn.)
2           DUDLEY BROWN,
3  called as a witness herein, having been first duly
4  sworn, was examined and testified as follows:
5           EXAMINATION
6  BY MR. GERSTEN:
7       Q.  Mr. Brown, my name is Eliot Gersten.
8  I think we met on previous occasions, at least I
9  think.  Is that correct?
10      A.  I think so.
11      Q.  Okay.  I represent the plaintiff,
12 Greystone Community Reinvestment Associates, in
13 this case, and I'm going to do my best to ask you
14 questions that are clear and understandable.  Is
15 that understood?
16      A.  Yes.
17      Q.  Great.  If you need a break or a
18 chance to get a drink of water or anything else
19 like that, please just let me know, and I'll give
20 you that opportunity to do that.  Okay?
21      A.  Okay.
22      Q.  Mr. Brown, by whom are you currently
23 employed?
24      A.  I am currently employed by two firms,

Page 5

1  one being Berean Capital, Incorporated and the
2  other Jackson Securities, Incorporated.
3       Q.  What is Jackson Securities,
4  Incorporated?
5       A.  It's a broker-dealer.
6       Q.  What is Berean Capital?
7       A.  Broker-dealer.
8       Q.  Is there a particular connection
9  between Berean Capital and Jackson Securities?
10      A.  No.  Only that I am registered with
11 both firms.
12      Q.  Are you familiar with your -- when
13 did you start your registration with Jackson
14 Securities?
15      A.  June of 2005.
16      Q.  And what caused you to become
17 associated with Jackson -- is associated the right
18 word, or is there a term -- is there a particular
19 significance to using the word you used, a
20 registered representative?
21      A.  Well, if you are employed by two
22 firms, you have to be duly registered.  So I'm
23 registered and licensed with Berean Capital, and
24 I'm also registered and licensed with Jackson

Page 6

1  Securities.
2      Q.  How do you go about in a given day
3  knowing which employer you are working with?
4      A.  It depends on what I am working on.
5      Q.  In a general way could you describe
6  the business of each so that we can get a sense of
7  your last answer?
8      A.  I don't understand.
9      Q.  Okay.  When you work for Jackson
10 Securities, what kind of stuff are you working on?
11     A.  It would be institutional brokerage
12 business.  It would be municipal client business.
13     Q.  When you are working for Berean
14 Capital, what kind of stuff are you working on?
15     A.  It could be private equity business.
16 It could be some hedge fund stuff.
17     Q.  Like Refco?
18     A.  No.  Refco is a commodities firm.
19 That's different.  Although, under Berean we do a
20 little bit of that business, under Berean.
21     Q.  Did you do that business through
22 Revco?
23     A.  No.
24     Q.  Do you have a position of some kind

Page 7

1  with Jackson Securities besides a registered rep?
2      A.  I am co-chair and CEO.
3      Q.  And do you know who owns Jackson
4  Securities?
5      A.  Yes.
6      Q.  Who owns Jackson Securities?
7      A.  I own 50 percent of Jackson
8  Securities, Ruben McDaniel owns another forty-some
9  odd percent, and the remainder is owned by the
10 Estate of Maynard Jackson and a few former
11 employees.
12     Q.  The former mayor?
13     A.  Yes.
14     Q.  And when you say you own 50 percent,
15 is that you as an individual?
16     A.  Yes.
17     Q.  And do you currently -- do you own
18 Berean Capital?
19     A.  Yes.
20     Q.  What is your position at Berean
21 Capital?
22     A.  President, CEO.
23     Q.  Is there a difference between being a
24 company chair and CEO of Jackson Securities and a

Page 8

1  president and CEO of Berean, or is the day-to-day
2  job function the same?
3      A.  I don't understand the question.
4      Q.  Okay.  Well, on a day-to-day basis
5  what do you do as a co-chair and CEO of Jackson
6  Securities?
7      A.  We work on institutional brokerage
8  business as well as municipal finance business.
9      Q.  And because I'm just a lawyer, what
10 is institutional brokerage business?
11     A.  Customers such as Fidelity, State
12 Street, Bank of New York.  They manage money for
13 large pension funds.  They have got to call a
14 broker to buy half a million shares of IBM or to
15 sell, you know, $50 million worth of a treasury.
16 They can call Merrill Lynch, Bear Stearns.  They
17 can call us.
18     Q.  I see.  You also said "municipal
19 financing"?
20     A.  Yes.
21     Q.  Can you in a general way describe
22 what that is about?
23     A.  If a town has got to put a new sewer
24 system in and wants to sell bonds to finance their

Page 9

1  project, we're going to help them construct and
2  sell those bonds to investors who would be
3  interested in buying those products.
4      Q.  And, again, in a general way can you
5  describe, then, what the business is of Berean in
6  terms of what you called its finance work?
7      A.  Berean Capital, we currently do some
8  private equity business.  We work with one or two
9  commodity accounts, and we also will do some -- a
10 little bit of hedge fund business.
11     Q.  Again, so that we have this
12 understood, what is hedge fund business, as you
13 understand it?
14     A.  Hedge funds are money managers who
15 are allowed to invest in a variety of different
16 ways, but the most notable is money managers are
17 thought to buy stocks or bonds.
18         Hedge fund managers can also sell
19 these instruments short.  So they are not only just
20 a loan only, which means that they're just buying.
21 They can also sell borrowed securities.
22     Q.  And what does Berean do in that
23 capacity?
24     A.  We are in some cases a third-party