# EXHIBIT 'C'

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2004 WL 213031 (D.Conn.)

**(Cite as: Not Reported in F.Supp.2d)**

Coleman v. Aztec Lighting
D.Conn.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Willie James COLEMAN, Plaintiff,
v.
AZTEC LIGHTING, and L.D. Kichler Company, Defendants.
No. Civ.A. 303CV1182CFD.

Jan. 28, 2004.

Angelo Cicchiello, Hartford, CT, for Plaintiff.
Susan G. Fentin, Skoler, Abbott & Presser, P.C., Springfield, MA, for Defendants.

*RULING*
DRONEY, J.
*1 The plaintiff brings this action against the defendants alleging violations of Title VII of the Civil Rights Act, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.,* and, under Connecticut common law, negligent infliction of emotional distress, and intentional infliction of emotional distress. Pending are Defendants' Motion to Dismiss [Doc. # 8], Plaintiff's Request for Leave to Amend Complaint [Doc. # 12], and Defendants' Renewed Motion to Dismiss [Doc. # 14].

The defendants move to dismiss Count Two of the Complaint, which alleges negligent infliction of emotional distress. Under Federal Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendants argue that the plaintiff fails to state a claim for negligent infliction of emotional distress under Connecticut law. In particular, the defendants argue that the plaintiff alleges no facts that occurred in the context of the termination of his employment.

The plaintiff requests leave to amend his complaint to add certain facts to support a claim for negligent infliction of emotional distress. In addition, the plaintiff requests leave to add a fourth count in his complaint for constructive discharge. The defendants oppose the plaintiff's request for leave to amend his complaint with respect to Count Two on the ground that such amendment would be futile.

In the alternative, the defendants renew their motion to dismiss Count Two of the Complaint for failure to state a claim upon which relief can be granted.

I. Motion to Dismiss Standard

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Easton v. Sundram,* 947 F.2d 1011, 1014-15 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Frasier v. General Elec., Co.,* 930 F.2d 1004, 1007 (2d Cir.1991). " The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale-New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer,* 416 U.S. at 232). Thus, a motion to dismiss under 12(b)(6) should not be granted " unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994) (citations and internal quotations omitted), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). In its review of a 12(b)(6) motion to dismiss, the Court may consider " only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir.1993).

II. Motion for Leave to Amend Standard

*2 The plaintiff may amend its complaint only upon leave of the court or upon the consent of the opposing party. Fed.R.Civ.P. 15(a). Under Rule 15, " leave shall be freely given when justice so requires." *Id.;* *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234 (2d Cir.1995). However, a court

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01703-CFD    Document 112-3    Filed 09/07/2007    Page 3 of 12

Not Reported in F.Supp.2d                                                                                        Page 2
Not Reported in F.Supp.2d, 2004 WL 213031 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

may exercise its discretion to deny amendment based upon the following factors: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). " In order to be considered futile, the complaint as amended would fail to withstand a motion to dismiss for failure to state a claim." *Senich v. American-Republican, Inc.,* 215 F.R.D. 40, 41 (D.Conn.2003) (citing *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir.2002)). It is appropriate to deny a motion for leave to amend based on futility where " it is ' beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." *Pangburn v. Culbertson,* 200 F.3d 65, 70-71 (2d Cir.1999) (quoting *Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991)).

III. Discussion

Under Connecticut law, in the employment context, liability for negligent infliction of emotional distress arises only in the context of termination. *Parsons v. United Techs. Corp.,* 243 Conn. 66, 88, 700 A.2d 655 (1997). " [A] claim of negligent infliction of emotional distress cannot be predicated on actions or omissions of employees occurring within the context of a continuing employment relationship ." *Armstead v. Stop & Shop Cos.,* 2003 WL 1343245, *4 (D.Conn. March 17, 2003). *See also Copeland v. Home and Cmty. Health Servs.,* 2003 WL 22240629 (D.Conn. Sept.29, 2003); *Absher v. Flexi Int'l Software, Inc.,* 2003 WL 2002778, *3 (D.Conn. March 31, 2003); *Brunson v. Bayer Corp.,* 237 F.Supp.2d 192, 208-09 (D.Conn.2002); *Boateng v. Apple Health Care, Inc.,* 156 F.Supp.2d 247, 254 (D.Conn.2001); *Abate v. Circuit-Wise, Inc.,* 130 F.Supp.2d 341, 346 (D.Conn.2001); *Perodeau v. City of Hartford,* 259 Conn. 729, 744-63, 792 A.2d 752 (2002). There is well-established Connecticut Supreme Court and District Court of Connecticut precedent that " only conduct occurring in the process of termination can be a basis for recovery for negligent infliction of emotional distress in the employment context." *Brunson,* 237 F.Supp.2d at 208.

In this case, the plaintiff alleges no facts that occurred in the context of the termination of his employment. Nor does he even allege that he was terminated. All of the allegations in the Complaint refer only to conduct that occurred during the course of his employment. Moreover, the allegations the plaintiff requests to add in the amended complaint do not refer to conduct that occurred in the termination process. In fact, the plaintiff requests leave to add a count for constructive discharge.

*3 Reviewing the complaint in the light most favorable to the plaintiff, the Court concludes that the plaintiff has failed to allege any behavior by the defendant that could support a claim for negligent infliction of emotional distress. In addition, the Court concludes that the complaint, as amended with respect to Count Two, is futile as it would not survive a motion to dismiss for failure to state a claim.

IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. # 8] is GRANTED. Plaintiff's Request for Leave to Amend Complaint [Doc. # 12] is GRANTED IN PART, DENIED IN PART. Plaintiff's remaining causes of action are those under Title VII (including constructive discharge), and under Connecticut common law for intentional infliction of emotional distress.[FN1] The plaintiff is directed to file a revised Amended Complaint in accordance with this ruling by February 20, 2004. Defendants' Renewed Motion to Dismiss [Doc. # 14] is DENIED as moot.

> FN1. It is not clear whether the new constructive discharge count is based on Title VII and/or Connecticut law.

D.Conn.,2004.
Coleman v. Aztec Lighting
Not Reported in F.Supp.2d, 2004 WL 213031 (D.Conn.)

END OF DOCUMENT

# EXHIBIT 'D'

Westlaw.

Not Reported in F.Supp.2d                                                                                        Page 1
Not Reported in F.Supp.2d, 2005 WL 2105550 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Baergas v. City of New York
S.D.N.Y.,2005.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Harold BAERGAS, Plaintiff,
v.
CITY OF NEW YORK, et al. Defendants.
No. 04CIV2944(BSJ)(HBP).

Sept. 1, 2005.

*OPINION AND ORDER*
PITMAN, Magistrate J.

I. *Introduction*

*1 This is an employment discrimination and civil rights case arising from the termination of plaintiff's employment and his simultaneous arrest and prosecution for theft from his employer. Defendants move for an Order, pursuant to Rule 21 of the Federal Rules of Civil Procedure, severing plaintiff's putative class action retaliation and employment discrimination claims from his federal and state claims for false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress and a *Monell* claim for municipal liability. With the exception of the *Monell* claim, plaintiff appears to have filed all of his claims against all of the defendants whether they are affiliated with his former employer-Macy's (the " Macy's Defendants" ) [FN1]-or the City of New York (the " City Defendants" ).[FN2] Plaintiff cross-moves to amend the putative class action complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to add an employment discrimination claim under 42 U.S.C. § 1981. For the reasons set forth below, both motions are denied.

> FN1. The Macy's Defendants include Macy's East, Inc., Federated Department Stores, Inc., the Frick Company, Federal Logistics, Christopher De Santis, Scott Chester, Junior, and Michael Green (Complaint ¶¶ 4-7). The parties have spelled defendant De Santis's name inconsistently. I use the spelling that is consistent with the spelling on the docket sheet in this matter.

> FN2. The City Defendants include the City of New York, the New York City Police Department and five " John Doe" police officers (Complaint ¶¶ 4, 8-10).

II. *Facts*

A. *Facts Underlying Plaintiff's Employment and Civil Rights Claims*

Plaintiff, a Hispanic male of Puerto Rican origin, worked for Macy's East, Incorporated's (" Macy's" ) Herald Square location for approximately ten years (Complaint ¶¶ 3, 12). Plaintiff worked for Macy's as a stock person in its Handling Department on the tenth floor (Complaint ¶ 13). Plaintiff's supervisors in the Handling Department were Scott Chester and Richard Harris, both Caucasian males (Complaint ¶¶ 5-6, 15). Plaintiff alleges that Chester and Harris harbored discriminatory animus towards plaintiff and other minorities and regularly made derogatory comments towards minorities including Hispanics (Complaint ¶¶ 21, 37).

Beginning in 2001, plaintiff alleges that Chester and Harris passed him over for a promotion on two occasions despite his continued employment with Macy's over a ten-year period and his excellent performance record (Complaint ¶¶ 13-14, 17, 19). Plaintiff alleges that he was not promoted due to Chester and Harris's racial discrimination (Complaint ¶ 17). Plaintiff further alleges that Macy's instituted a new security policy called " Shortage Awareness," which was intended to encourage Macy's employees to report theft by co-workers by paying the reporting employee $500 for the apprehension of any alleged perpetrator (Complaint ¶¶ 28-29). Plaintiff alleges that the Macy's Defendants used Shortage Awareness to justify close monitoring of minority employees while Caucasian employees were not scrutinized at all (Complaint ¶ 32). Plaintiff further alleges that as a result of the Shortage Awareness policy, Macy's employees were encouraged by Macy's management to make false allegations against co-workers for monetary compensation (Complaint ¶ 33). According to plaintiff, the Macy's Defendants' comments and actions created a hostile work environment in which minority employees felt that Macy's management unfairly directed hostility and suspicion towards them

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01703-CFD   Document 112-3   Filed 09/07/2007   Page 6 of 12

Not Reported in F.Supp.2d                                                                                               Page 2
Not Reported in F.Supp.2d, 2005 WL 2105550 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

(Complaint ¶¶ 20-35). Plaintiff and other minority employees complained to Macy's management about the unfair and discriminatory treatment that resulted from the policy but Macy's failed to take remedial action (Complaint ¶¶ 35, 38-39, 43). Plaintiff also complained directly to Chester about discriminatory treatment and filed grievances against him (Complaint ¶ 38). The frequency of plaintiff's complaints increased in 2001 when he became union shop steward (Complaint ¶¶ 40-42). Plaintiff alleges that, as a result of his complaints about discriminatory treatment, the Macy's Defendants retaliated against him by subjecting him to intense scrutiny and suspending him without pay in early 2002 (Complaint ¶ 44).

*2 The Macy's Defendants' retaliatory animus towards plaintiff allegedly culminated in his arrest for stealing merchandise on March 6, 2002 and his subsequent termination (Complaint ¶ 45). On March 6, 2002, plaintiff was in the employee locker room preparing to leave work for the day when five employees from Macy's internal security department approached him and a co-worker, Michael Green (Complaint ¶ 47). The security personnel took plaintiff to a security holding room, where they handcuffed plaintiff, frisked him and detained him for approximately three hours (Complaint ¶¶ 49-51, 56, 68-69). Defendant Chris De Santis, a Regional Investigator in Macy's Security Department, told plaintiff that he had recovered two stolen items from plaintiff's locker; plaintiff denied that he had stolen the items (Complaint ¶¶ 60-61; Supplemental Declaration in Support of Scott Chester's Motion to Sever, submitted by Diane Krebs, Esq. and sworn to December 6, 2004 (" Krebs Decl." ) at ¶ 3). Plaintiff alleges that the Macy's Defendants knew that plaintiff had not stolen any items and that they made up false allegations to retaliate against plaintiff for his complaints about discriminatory treatment (Complaint ¶¶ 62-67).

After being questioned by Macy's security personnel, New York City police officers arrived, arrested plaintiff and removed him from Macy's in handcuffs (Complaint ¶ 73). Plaintiff alleges that he requested legal representation after being arrested but that his request was denied (Complaint ¶ 74). The police questioned plaintiff for approximately six hours and then placed him in a holding cell for approximately eighteen hours before releasing him (Complaint ¶¶ 75-76). On or about March 7, 2002, the Macy's Defendants terminated plaintiff's employment (Complaint ¶ 77).

Plaintiff was arraigned on an unspecified accusatory instrument on April 29, 2002 and charged with two counts of larceny (Complaint ¶ 79). On May 5, 2003 the case against plaintiff was dismissed for lack of evidence (Complaint ¶ 84). On June 27, 2003, plaintiff was arraigned for the second time on the same larceny charges, and on August 13, 2003, the charges were dismissed for a second time for lack of evidence (Complaint ¶¶ 85, 93). Plaintiff alleges that his arrest and prosecution were based on false, biased and/or misleading testimony by the Macy's Defendants, including Chester and De Santis (Complaint ¶¶ 94-99). Plaintiff further alleges that the Macy's Defendants acted maliciously and were motivated by discriminatory animus towards plaintiff based upon his race and national origin and in retaliation for plaintiff's previous complaints about discriminatory treatment (Complaint ¶ 100-101). Plaintiff also alleges that his employment was terminated in retaliation for his complaints about discriminatory treatment (Complaint ¶ 102).

B. *Procedural History*

Plaintiff filed a class action complaint in this matter on April 16, 2004, seeking to represent a putative class on his claims of employment discrimination and retaliation (the " employment claims" ), under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (the " NYSHRL" ) and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* (the " NYCHRL" ) (Docket Item 1). In the complaint, plaintiff also sought relief under Section 1983, Section 1985 and common law for claims of false arrest, false imprisonment, malicious prosecution, defamation, intentional infliction of emotional distress and a *Monell* claim (the " civil rights claims" ). Plaintiff asserts no employment discrimination claims under Title VII.

*3 Both the Macy's Defendants and the City Defendants have answered the complaint (Docket Items 14, 19, 22). On September 2, 2004, the Macy's Defendants filed the instant motion to sever plaintiff's employment claims from his civil rights claims (Docket Item 20).[FN3] On December 21, 2004, plaintiff filed his opposition to the Macy's Defendants' motion to sever and cross-moved to amend the complaint (Docket Item 37).

FN3. On December 6, 2004, defendant

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01703-CFD    Document 112-3    Filed 09/07/2007    Page 7 of 12

Not Reported in F.Supp.2d    Page 3
Not Reported in F.Supp.2d, 2005 WL 2105550 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Chester, who is represented by separate counsel than the remaining Macy's Defendants, filed a supplemental declaration in support of the Macy's Defendants motion to sever (Docket Item 35).

### III. *Analysis*

#### A. *Motion to Sever Pursuant to Rule 21*

The Macy's Defendants argue that severance is appropriate because plaintiff's employment and civil rights claims involve distinct facts that require different witnesses and documentary proof, and, if severance is not permitted, discovery and trial will be confusing and burdensome. The Macy's Defendants further argue that plaintiff has offered no evidence to support his allegation that the Macy's Defendants retaliated against plaintiff by, among other things, falsely accusing him of stealing merchandise and participating in his arrest, prosecution and termination. Plaintiff argues in opposition that the retaliatory animus alleged in the complaint suffices to inextricably link his employment and civil rights claims, and, therefore, severance is inappropriate.

Rule 21 permits " [a]ny claim against a party [to] be severed and proceeded with separately." Fed.R.Civ.P. 21. While " [t]he decision whether to grant a severance motion is committed to the sound discretion of the trial court," *New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065, 1082 (2d Cir.1988); accord *Deajess Med. Imaging P.C. v. Allstate Ins. Co.,* 03 Civ. 3920(RWS), 2004 WL 2729790 at *2 (S.D.N.Y. Nov. 30, 2004); *Dawes v. Pataki,* 00 Civ. 2829(SHS), 2004 WL 1562842 at *1 (S.D.N.Y. July 13, 2004); *In re Worldcom, Inc. Sec. Litig.,* 02 Civ. 3288(DLC), 2003 WL 1563412 at *3 (S.D.N.Y. Mar. 25, 2003), " the Federal courts view severance as a ' procedural device to be employed only in exceptional circumstances." ' *Wausau Bus. Ins. Co. v. Turner Constr. Co.,* 99 Civ. 0682(RWS), 2001 WL 963943 at *1 (S.D.N.Y. Aug. 23, 2001), quoting *Marisol A. v. Guiliani,* 929 F.Supp. 662, 693 (S.D.N . Y.1996); *Cramer v. Fedco Auto. Components Co.,* 01-CV-0757(E), 2002 WL 1677694 at *1 (S.D.N.Y. July 18, 2002) (" [S]eparate trials are the exception rather than the rule ...." ); see *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966) (" [J]oinder of claims, parties and remedies is strongly encouraged" under the Federal Rules of Civil Procedure.).

In choosing whether to exercise its discretion, the district court is guided by " considerations of convenience, avoidance of prejudice to the parties, and efficiency." *Hecht v. City of New York,* 217 F.R.D. 148, 150 (S.D.N.Y.2003); accord *Deajess Med. Imaging, P.C. v. Geico Gen. Ins. Co.,* 03 Civ. 7388(DF), 2005 WL 823884 at *2 (S.D.N.Y. Apr. 7, 2005); *Dawes v. Pataki, supra,* 2004 WL 1562842 at *1. Thus, courts consider the following factors when determining whether severance is appropriate:

*4 (1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present common questions of fact or law, (3) whether severance would serve judicial economy, (4) prejudice to the parties caused by severance, and (5) whether the claims involve different witnesses and evidence.

*Boston Post Road Med. Imaging, P.C. v. Allstate Ins. Co.,* 03 Civ. 3923 (RCC), 2004 WL 1586429 at *1 (S.D.N.Y. July 15, 2004), citing *Preferred Med. Imaging, P.C. v. Allstate Ins. Co.,* 303 F.Supp.2d 476, 477 (S.D.N.Y.2004); *In re Merrill Lynch & Co., Research Reports Secs. Litig.,* 214 F.R.D. 152, 154-55 (S.D.N.Y.2003); see also Fed.R.Civ.P. 20(a); *Fong v. Rego Park Nursing Home,* 95 Civ. 4445(SJ), 1996 WL 468660 at *2 (E.D.N.Y. Aug. 7, 1996) (" Although Rule 21 is silent about the grounds for misjoinder, courts have held that [claims] are misjoined when they fail to satisfy [the requirements of] Rule 20(a)." ); *United States v. Yonkers Bd. of Educ.,* 518 F.Supp. 191, 195-96 (S.D.N.Y.1981) (analyzing the appropriateness of severance pursuant to Rule 21 in conjunction with the requirements of Rule 20(a)). An analysis of these factors reveals that severance is not appropriate here.

As stated above, the Macy's Defendants argue that the occurrences underlying plaintiff's employment claims are wholly distinct from those underlying plaintiff's civil rights claims and involve different witnesses and evidence. In considering defendants' motion, I must assume the truth of the allegations in the complaint. *In re Vitamins Antitrust Litig.,* Misc. 99-197(TFH), 2000 WL 1475705 at *18 (D.D.C. May 9, 2000); see *United States v. Yonkers Bd. of Educ., supra,* 518 F.Supp. at 193 (accepting as true the allegations in the complaint when considering a severance motion). Assuming those allegations to be true, plaintiff's employment and civil rights claims do arise from the same transaction.

In the context of a motion to sever discrimination

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01703-CFD    Document 112-3    Filed 09/07/2007    Page 8 of 12

Not Reported in F.Supp.2d                                                                                                       Page 4
Not Reported in F.Supp.2d, 2005 WL 2105550 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

claims from civil conspiracy and other non-discrimination claims, federal courts have interpreted Rule 21's reference to a "transaction" expansively:
[A t]ransaction ... may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.

Barner v. City of Harvery, 95 C 3316(RAG), 2003 WL 1720027 at *3 (N.D.Ill. Mar. 31, 2003), quoting Mosely v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974); accord Puricelli v. CNA Ins. Co., 185 F.R.D. 139, 143 (N.D.N.Y.1999) (adopting the Mosely "logically related" test). Plaintiff's allegations that the Macy's Defendants retaliated against him for complaints about discriminatory treatment by having him arrested and prosecuted based on false charges are sufficient to establish a "logical relationship" between the employment and civil rights claims.[FN4]

> FN4. An excerpt of plaintiff's deposition testimony also supports the allegations in the complaint (see Krebs Decl. at Ex. A). While the deposition testimony of defendant De Santis, defendant Grasso and Police Officer Schick is contrary to plaintiff's deposition testimony with respect to his retaliation claim (see Krebs Decl. at Exs. B, C, E), at the very most, an issue of material fact exists. Thus, severance remains inappropriate. See Deajess Med. Imaging P.C. v. Allstate Ins. Co.,supra, 2004 WL 2729790 at *6 (denying defendant's motion to sever based, in part, on the conflicting evidence in the record).

*5 In paragraph 45 of his complaint, plaintiff alleges that the Macy's Defendants retaliated against plaintiff for complaining about discriminatory treatment and that the "retaliation culminated in Plaintiff's false arrest and malicious prosecution, and the unlawful termination of Plaintiff's employment" (Complaint ¶ 45). Plaintiff also alleges that his "arrest and prosecution was procured by Macy's on the basis of Defendants' false, biased, and/or misleading testimony, including the testimony of Defendants Chester and DeSantis [sic]" (Complaint ¶ 94; see Complaint ¶ 102). These allegations demonstrate that plaintiff's claims arise from the same transaction or occurrence because plaintiff's employment and civil rights claims are all alleged to be grounded on the Macy's Defendants' discriminatory and retaliatory animus.

In addition, plaintiff's employment and civil rights claims present common questions of law and fact. See United States v. Yonkers Bd. of Educ., supra, 518 F.Supp. at 195 n. 3 ("Although [Rule 21] requires a question of law or fact common to all defendants, it does not require that the common question be the basis for an identical claim against each defendant."). Under McDonnell Douglas,[FN5] in order to establish a prima facie case on one of his employment claims-retaliation-plaintiff must show that the Macy's Defendants took an adverse action against plaintiff as retribution for his complaints about discriminatory treatment. Prince v. Cablevision Sys. Corp., 04 Civ. 8151 (RWS), 2005 WL 1060373 at *12 (S.D.N.Y. May 6, 2005), citing Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116 (2d Cir.2000). Plaintiff's termination, arrest and criminal prosecution are all admissible as evidence of adverse actions. See Feingold v. New York, 366 F.3d 138, 156-57 (2d Cir.2004) (holding that termination constitutes an adverse employment action); Russo v. City of Hartford, 341 F.Supp.2d 85, 113 (D.Conn.2004) (holding, in the context of a First Amendment retaliation claim, that arrest and prosecution constituted adverse employment actions because they triggered an automatic suspension). Assuming that plaintiff meets the de minimus, burden of establishing a prima facie case of retaliation, Jute v. Hamilton Sundstrand Corp., No. 04-3927-CV, 2005 WL 2008459 at *5 (2d Cir. Aug. 23, 2005); Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir.2002), the Macy's Defendants will, no doubt, offer plaintiff's arrest for theft of store merchandise as at least part of their legitimate, non-discriminatory reason for plaintiff's termination.

> FN5. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Similarly, if plaintiff establishes a prima facie case of race or national origin discrimination, his arrest for theft of store merchandise will also be relevant to the Macy's Defendants' non-discriminatory reason for terminating plaintiff. See Barner v. City of Harvey, supra, 2003 WL 1720027 at *3 (discussing defendants' need to establish a legitimate, non-discriminatory rationale for the adverse employment action taken against each plaintiff in a multi-plaintiff

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01703-CFD   Document 112-3   Filed 09/07/2007   Page 9 of 12

Not Reported in F.Supp.2d                                                                    Page 5
Not Reported in F.Supp.2d, 2005 WL 2105550 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

discrimination case).

*6 In order to prove one of plaintiff's civil rights claims-malicious prosecution-plaintiff must offer evidence that the Macy's Defendants acted with actual malice when they participated in plaintiff's arrest and prosecution. *Cook v. Sheldon,* 41 F.3d 73, 79 (2d Cir.1994); *Golub v. City of New York,* 334 F.Supp.2d 399, 406 (S.D.N.Y.2004). The likely source of malice evidence will be testimony and documents involving the Macy's Defendants' alleged discriminatory animus towards plaintiff and the alleged retaliatory action taken against him. *Hernandez v. City of Rochester,* 260 F.Supp.2d 599, 615 (W.D.N.Y.2003) (stating that actual malice requires evidence of a " wrong or improper motive, something other than a desire to see the ends of justice served" ). Thus, severance is inappropriate because plaintiff's employment and civil rights claims are factually and legally intertwined, and the evidence relevant to each claim will overlap. *See Puricelli v. CNA Ins. Co., supra,* 185 F.R.D. at 143 (" [Severance] does not require the commonality of all questions of law and fact raised in the dispute, rather, the requirement is satisfied if there is any question of law or fact common to all parties." ); *see also Epstein v. Kemper Ins. Cos.,* 210 F.Supp.2d 308, 320 (S.D.N.Y.2002) (denying severance motion where plaintiffs alleged similar factual and legal questions concerning age discrimination by the same supervisor); *Rochlin v. Cincinnati Ins. Co.,* IP00-1898-CH/K, 2003 WL 21852341 at *14 (S.D.Ind. July 8, 2003) (in putative class action discrimination case, granting plaintiffs' motion for permissive joinder due, in part, to the likelihood of duplicative evidence offered by each plaintiff).

The Macy's Defendants' argument that plaintiff has not offered evidence to support the allegations of retaliation in the complaint (Corrected Reply Memorandum of Law in Support of the Macy's Defendants' Motion to Sever and in Opposition to Plaintiff's Cross-Motion to Amend his Complaint, dated October 18, 2004 (" Def. Reply Mem." ), at 3-4), is immaterial. The factors relevant to the resolution of a motion to sever simply do not include the strength of any party's case. *See* pages 8-10, *supra.* If defendants are correct and there is no evidence to support one or more of plaintiff's claims, the appropriate vehicle to assert that argument is a summary judgment motion pursuant to Rule 56. The merits of the claims (or the defenses) have no logical relationship to whether claims should be tried together. *See Solomon v. Marty Gutmacher, Inc.,* 87 Civ. 1230(JFK), 1989 WL 16588 at *1 (S.D.N.Y. Feb. 23, 1989) (permitting joinder pursuant to Rule 21 over defendants' objection that plaintiffs proffered insufficient evidence of potential liability). Accordingly, the Macy's Defendants' argument fails.

Next, the Macy's Defendants argue that the interests of judicial economy and efficiency will be served by severing plaintiff's claims. Plaintiff argues in response that trying the employment and civil rights claims jointly promotes judicial economy because the evidence relevant to both claims is intertwined. I agree with plaintiff; as explained above, the evidence relevant to plaintiff's claims overlaps substantially and cannot be neatly segregated. This case is easily distinguishable from cases in which severance was found to be appropriate. For instance, in *Deajess Med. Imaging, P.C. v. Travelers Indemnity Co.,* 222 F.R.D. 563, 564 (S.D.N.Y.2004), thirty-three individuals assigned their no-fault automobile insurance claims to plaintiff in exchange for plaintiff's medical services. Upon plaintiff's subsequent action to collect payment on the insurance claims, the Honorable Louis L. Stanton, United States District Judge, granted defendant's motion to sever because permitting the case to go to trial as pled in the complaint would require a jury to parse through evidence on thirty-three separate, unrelated accidents with totally different facts. Similarly, in a related case involving the same plaintiff, *Deajess Med. Imaging, P .C. v. Geico Gen. Ins. Co., supra,* 2005 WL 823884 at *2-*5, the Honorable Debra Freeman, United States Magistrate Judge, granted defendant's severance motion where plaintiff sought to collect on forty-nine no-fault insurance claims resulting from forty-nine separate car accidents. In contrast, here, the allegations concerning plaintiff's employment and civil rights claims involve interrelated facts concerning plaintiff's employment during a relatively short period in 2001 and 2002 (*see* Complaint ¶¶ 17, 41, 44, 46, 77). Thus, judicial economy would not be served by severing plaintiff's claims, and this factor is met.

*7 Last, the Macy's Defendants argue that severance is appropriate because they will be prejudiced if the employment and civil rights claims remain joined. Specifically, the Macy's Defendants argue that they will be prejudiced by the unwieldy scope of discovery and confusion to the jury and that the City Defendants will be prejudiced by being forced to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01703-CFD    Document 112-3    Filed 09/07/2007    Page 10 of 12

Not Reported in F.Supp.2d                                                                                          Page 6
Not Reported in F.Supp.2d, 2005 WL 2105550 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

defend against a putative class action when none of the employment claims involves them. Plaintiff argues that he will be prejudiced if severance is permitted because his state and city claims for employment discrimination will be remanded to state court for lack of subject matter jurisdiction making discovery more arduous.

The Macy's Defendants have not shown that they will suffer prejudice sufficient to make severance appropriate here. First, discovery in this matter closed on December 15, 2004 (Docket Item 32), and all defendants filed motions for summary judgment on April 1, 2005 (Docket Items 54, 57). Accordingly, the Macy's Defendants' first argument concerning the scope of discovery is moot. Second, the Macy's Defendants' argument with respect to jury confusion is not persuasive. It is not unusual for juries in this District to resolve cases involving multiple claims and multiple defendants, and any risk that the jury may become confused can be addressed by clear jury instructions. _Rochlin v. Cincinnati Ins. Co., supra_, 2003 WL 21852341 at *14 (" The risk of confusion and possible prejudice to defendant can be minimized with careful jury instructions." ); see _Lewis v. Triborough Bridge & Tunnel Auth_., 97 Civ. 0607 (PKL), 2000 WL 423517 at *5 (S.D.N.Y. Apr. 19, 2000). Finally, the Macy's Defendants' argument concerning the City Defendants also fails. The Macy's Defendants are attempting to ride the coattails of their co-defendants by arguing that the City Defendants would be prejudiced by having to defend against a class certification motion concerning claims that do not involve them. The City Defendants, however, do not appear to be prejudiced at all. In fact, according to the Docket Sheet in this case, the City Defendants have not filed any opposition to plaintiff's class certification motion, and in plaintiff's memorandum in support of its class certification motion, plaintiff does not appear to be addressing his employment claims towards the City Defendants (Docket Item 42 & Attachment 1). Thus, the City Defendants cannot be prejudiced by the possibility of defending against claims which, in reality, are not lodged against them.

Accordingly, the Macy's Defendants have not satisfied their burden of proving that severance is appropriate, and, therefore, the motion to sever plaintiff's employment and civil rights claims is denied.[FN6]

    FN6. Because the Macy's Defendants have failed to satisfy their burden of proving that severance is appropriate, I need not address whether plaintiff would be prejudiced if severance were granted.

B. *Motion to Amend the Complaint Pursuant to Rule 15(a)*

1. *Applicable Standard*

The standards applicable to a motion to amend a pleading are well-settled and require only brief review. Leave to amend a pleading should be freely granted when justice so requires. Fed.R.Civ.P. 15(a); _Foman v. Davis_, 371 U.S. 178, 182 (1962); _Jin v. Metro. Life Ins. Co._, 310 F.3d 84, 101 (2d Cir.2002); _Dluhos v. The Floating & Abandoned Vessel, Known as " New York"_ , 162 F.3d 63, 69 (2d Cir.1998); _Gumer v. Shearson, Hammill & Co._, 516 F.2d 283, 287 (2d Cir.1974); _Koehler v. New York City_, 04 Civ. 6929(RMB), 2005 WL 1123758 at *9 (S.D.N.Y. May 11, 2005). " Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." _Lee v. Regal Cruises, Ltd._, 916 F.Supp. 300, 303 (S.D.N.Y.1996), aff'd, 116 F.3d 465 (2d Cir.1997). Accord _Am. Home Assur. Co. v. Jacky Maeder (Hong Kong) Ltd._, 969 F.Supp. 184, 187-88 (S.D.N.Y.1997).

*8 A proposed amendment is futile when it fails to state a claim. _Health-Chem Corp. v. Baker_, 915 F.2d 805, 810 (2d Cir.1990) (" Although Fed.R.Civ.P. 15(a) provides that leave to amend should be given freely when justice so requires, where, as here, there is no merit in the proposed amendments, leave to amend should be denied." ); _Neshewat v. Salem_, 365 F.Supp.2d 508, 515-16 (S.D.N.Y.2005); _Bonano v. Southside United Hous. Dev. Corp._, 363 F.Supp.2d 559, 562 (S.D.N.Y.2005); _Mina Inv. Holdings Ltd. v.. Lefkowitz_, 184 F.R.D. 245, 257 (S.D.N.Y.1999); _Parker v. Sony Pictures Entm't, Inc._, 19 F.Supp.2d 141, 156 (S.D.N.Y.1998), aff'd in pertinent part, vacated in part on other grounds sub nom., _Parker v. Columbia Pictures Indus._, 204 F.3d 326 (2d Cir.2000); _Yaba v. Cadwalader, Wickersham & Taft_, 931 F.Supp. 271, 274 (S.D.N.Y.1996); _Prudential Ins. Co. v. BMC Indus., Inc._, 655 F.Supp. 710, 711 (S.D.N.Y.1987) (Although leave to amend should be freely given, " it is inappropriate to grant leave when the amendment would not survive a motion to dismiss." ). See generally _Dluhos v. Floating &_

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Abandoned Vessel known as " New York ", supra,* 162 F.3d at 69-70. " The proposed Amended Complaint may therefore be scrutinized as if defendant's objections to the amendments constituted a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Journal Publ'g Co. v. Am. Home Assur. Co.,* 771 F.Supp. 632, 635 (S.D.N.Y.1991).

The Court of Appeals has repeatedly noted that the trial court has " broad" discretion in ruling on a motion to amend. *Local 802, Associated Musicians v. Parker Meridien Hotel,* 145 F.3d 85, 89 (2d Cir.1998); *Krumme v. Westpoint Stevens Inc.,* 143 F.3d 71, 88 (2d Cir.1998). *See generally Grace v. Rosenstock, supra,* 228 F.3d 40, 53-54 (2d Cir.2000).

Plaintiff seeks to amend the complaint to add a discrimination claim pursuant to 42 U.S.C. § 1981. According to plaintiff, the same facts that support his preexisting employment claims pursuant to the NYSHRL and NYCHRL would support his Section 1981 claim, and all of his employment claims are subject to the same *McDonnell Douglas* analysis.FN7 Therefore, plaintiff argues, there would be no prejudice to the Macy's Defendants as a result of this amendment. The Macy's Defendants oppose the motion on the grounds of timeliness and futility.

> FN7. Given the overlap between plaintiff's existing employment claims and his proposed Section 1981 claim, it appears that the only reason for the proposed amendment is to provide a basis for federal jurisdiction in the event the severance motion is granted.

With respect to timeliness, the Macy's Defendants argue that plaintiff's motion to amend should be denied because plaintiff filed the motion after the deadline for amending the pleadings. My July 8, 2004 Scheduling Order in this matter (Docket Item 16) set the deadline for motions to amend the pleadings at August 16, 2004. Plaintiff did not file his motion to amend until October 22, 2004.

Although Rule 15 encourages courts to freely grant motions to amend, Rule 15 must be read in conjunction with Rule 16(b) which requires compliance with scheduling orders. *See* Fed.R.Civ.P. 16(b) (Scheduling orders " shall not be modified except upon a showing of good cause." ). Plaintiff's motion to amend in this case was filed more than two months after the deadline that I set. Although plaintiff argues that the amendment will not prejudice defendants, he does not even proffer any explanation for his failure to comply with the scheduling order issued in this matter.

*9 Under these circumstances, denial of plaintiff's motion to amend does not constitute an abuse of discretion. As the Court of Appeals explained in *Parker v. Columbia Pictures Indus., supra,* 204 F.3d at 340:

Several circuits have ruled that the Rule 16(b) " good cause" standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings. As the Eleventh Circuit has noted, " [i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir.1998) (per curiam); *see also In re Milk Prods. Antitrust Litig.,* 195 F.3d 430, 437 (8th Cir.1999) (" When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order." ); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir.1992) (" Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation[,] and its standards may not be short-circuited by an appeal to those of Rule 15." ); *Riofrio Anda v. Ralston Purina Co.,* 959 F.2d 1149, 1154-55 (1st Cir.1992) (relying on Rule 16(b) in refusing to allow an amendment after the scheduling order deadline despite the lenient standards of Rule 15(a)). Several district courts in our Circuit have adopted this rule as well. *See Covington v. Kid,* No. 94 Civ. 4234(WHP), 1999 WL 9835, at *3 (S.D.N.Y. Jan. 7, 1999) (finding that a movant who fails to comply with a scheduling deadline must satisfy " good cause" requirement of Rule 16(b) as well as standards of Rule 15(a)); *Carnrite v. Granada Hosp. Group, Inc.,* 175 F.R.D. 439, 446 (W.D.N.Y.1997) (same); *Mayes v. Local 106, Int'l Union of Operating Eng'rs,* No. 86-CV-41, 1992 WL 335964, at *9 (N.D.N.Y. Nov. 12, 1992) (same).

We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01703-CFD    Document 112-3    Filed 09/07/2007    Page 12 of 12

Not Reported in F.Supp.2d                                                                                  Page 8
Not Reported in F.Supp.2d, 2005 WL 2105550 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

order where the moving party has failed to establish good cause. Moreover, we agree with these courts that a finding of " good cause" depends on the diligence of the moving party. See *In re Milk Prods., 195 F.3d at 437* (finding no good cause where dismissal of the first complaint " should have alerted plaintiffs" to inadequacies in the second complaint); *Sosa, 133 F.3d at 1419* (finding no good cause where party failed to discover necessary information and was on notice in advance of the deadline that her complaint was inadequate); *Johnson, 975 F.2d at 609* (refusing to find good cause under Rule 16(a) where party received notice long in advance of the deadline that the complaint did not name all necessary parties).

*10 See also *Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir.2003)*; *Urban Box Office Network, Inc. v. Interfase Managers, L.P., 01 Civ. 8854(LTS)(THK), 2005 WL 1639333 at *2 (S.D.N.Y. July 12, 2005)*; *In re Wireless Tel. Servs. Antitrust Litig., 02 Civ. 2637(DLC), 2004 WL 2244502 at *5 (S.D.N.Y. Oct. 6, 2004)*.

Plaintiff here cannot be said to have acted diligently. At the initial pre-trial conference held in this matter on July 7, 2004, plaintiff clearly indicated that he was contemplating an amendment to the complaint to add a claim under Section 1981 (Untranscribed Recording of Initial Pre-Trial Conference in Docket Number 04 Civ. 2944, dated July 7, 2004). Plaintiff, therefore, cannot now claim to have been unaware of the information that formed the basis for adding the Section 1981 claim. Plaintiff offers no excuse at all for his more-than-two-month delay in moving to amend the complaint. Thus, plaintiff failed to act diligently and cannot show " good cause" for his tardy motion. *Grochowski v. Phoenix Constr., supra, 318 F.3d at 86*; *Credit Suisse First Boston LLC v. Coeur D'Alene Mines Corp., 03 Civ. 9547(PKL)(MHD), 2004 WL 2903772 at *6 (S.D.N.Y. Dec. 15, 2004)*. Accordingly, plaintiff's motion to amend the complaint is denied [FN8] as untimely.

> FN8. Because plaintiff's motion to amend fails on the grounds of timeliness, I need not address defendant's alternative argument concerning the futility of the amendment.

### IV. *Conclusion*

Accordingly, for the reasons set forth above, defendant's motion to sever is denied and plaintiff's cross-motion to amend the complaint is also denied.

S.D.N.Y.,2005.
Baergas v. City of New York
Not Reported in F.Supp.2d, 2005 WL 2105550 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.