# EXHIBIT 'E'

**Westlaw.**

Slip Copy                                                                                                   Page 1
Slip Copy, 2007 WL 1114028 (D.Conn.)
(Cite as: Slip Copy)

Sullivan v. Stein
D.Conn.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Philip SULLIVAN, Charlotte Sullivan, Plaintiffs,
v.
Jeffrey STEIN, et al, Defendants.
**Civil No. 3:03cv1203 (MRK).**

April 10, 2007.

Philip Sullivan, West Hartford, CT, pro se.
Charlotte Sullivan, West Hartford, CT, pro se.
Beatrice S. Jordan, Jay T. Donfrancisco, Howd & Ludorf, Maureen Duggan Regula, Robert William Clark, Robert J. Deichert, Attorney General's Office, Hartford, CT, Theodore Poulos, Plainville, CT, for Defendants.
Doris B. D'Ambrosio, West Hartford, CT, pro se.
Rachel M. Baird, Law Office of Rachel M. Baird, Torrington, CT, pro se.
William Palmieri, New Haven, CT, pro se.

### RULING AND ORDER

MARK R. KRAVITZ, United States District Judge.
*1 Currently pending before the Court is *pro se* Plaintiffs' Motion to Renew Their Claims as to Indispensible Defendants re Section 1983 Conspiracy [doc. # 351]. In this Motion, Plaintiffs ask the Court to reconsider that portion of its earlier Ruling and Order [doc. # 141] dismissing Plaintiffs' claims against Maryanne Delisa and James Hyland, and permitting them to add a new party to the case, Martin Crowell, and new claims of malicious prosecution and false arrest. As this Court has already explained, because this Court gave Plaintiffs a final deadline of September 30, 2005, for the filing of their second amended complaint, and because the Plaintiffs have not alleged or demonstrated any good cause for amending the complaint at this time, and further because the Plaintiffs have already been given ample opportunity, which they have exercised numerous times, to amend their complaint in the nearly four years that this case has been pending, the Court DENIES Plaintiffs' Motion [doc. # 351].

As to that portion of Plaintiffs' motion which asks the Court to reconsider its earlier ruling, Plaintiffs have not even attempted to demonstrate why the Court should reconsider its earlier decision. " The standard for granting a motion for reconsideration is strict." *Scott v. Town of Monroe,* No. 3:02CV 1539, 2004 WL 547202, at * 1 (D.Conn. March 12, 2004). " The major grounds justifying reconsideration are ' an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992), cert. denied, 502 U.S. 820 (1992) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478, at 790 (1981)). The Sullivans have neither pointed to evidence nor offered any justification for allowing them to bring Ms. Delisa and Mr. Hyland back into this lawsuit two years after they were dismissed.

As to that portion of the motion requesting to add an entirely new party and two additional claims, Plaintiffs have likewise failed to carry their heavy burden. As the Court has also explained in past rulings, *pro se* parties are not excused from abiding by the *Federal Rules of Civil Procedure. See Collins v. Experian Credit Reporting Serv.,* No. 3:04CV 1905(MRK), 2006 WL 3703414 (D.Conn. Dec. 14, 2006); *see also Wilson v. Gantert,* No. 01-CV-6371, 2004 WL 1591400, at *3 (W.D.N.Y. July 12, 2004) (" [E]ven pro se litigants must abide by the *Federal Rules of Civil Procedure.*") (internal quotation omitted). While, as a general matter, courts should freely grant permission to amend, *see Foman v. Davis,* 371 U.S. 178, 182 (1962); Fed.R.Civ.P. 15(a), the Second Circuit has made it clear that the good cause standard of Rule 16 supersedes the more liberal standard of Rule 15(a) where, as here, a motion to amend is filed after the deadline for amended pleadings set by a court's scheduling order, *see, e.g., Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir.2003) ( " Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend ' shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order ' shall not be modified except upon a showing of good cause.' " ). Such an order was entered in this case, requiring amendments to the pleadings to be filed no later than September 30, 2005. *See* Ruling and Order [doc. # 247]. The Plaintiffs did not file the present motion to amend until March 1, 2007, after the Defendants

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2007 WL 1114028 (D.Conn.)

**(Cite as: Slip Copy)**

moved for summary judgment.

\*2 The Plaintiffs have not even attempted to demonstrate why such an action would be proper so late in this case, much less why there is good cause for their delay in amending the complaint for this purpose, as is their burden under Rule 16. To allow such action would clearly prejudice the defendants and is impermissible. Therefore, the Court DENIES Plaintiffs' to Renew Their Claims as to Indispensable Defendants re Section 1983 Conspiracy [doc. # 351].

IT IS SO ORDERED,

D.Conn.,2007.
Sullivan v. Stein
Slip Copy, 2007 WL 1114028 (D.Conn.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 'F'

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 1328785 (D.Conn.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Lau v. Merriam Motors, Inc.
D.Conn.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Gregory LAU, Plaintiff,
v.
MERRIAM MOTORS, INC., Defendant.
No. 3:04CV971 (MRK).

Feb. 22, 2006.

Eugene N. Axelrod, Employment Law Group, Woodbridge, CT, for Plaintiff.
Brett Michael Szczesny, Halloran & Sage, Westport, CT, for Defendant.

### RULING AND ORDER

MARK R. KRAVITZ, District Judge.

*1 Currently pending before the Court are Plaintiff's Motion for Leave to File Amended Complaint and Plaintiff's Motion to Disqualify Defendant's Counsel. Having considered the briefs of the parties, the Court DENIES Plaintiff's Motion for Leave to File Amended Complaint [doc. # 30] and GRANTS in part and DENIES in part Plaintiff's Motion to Disqualify Defendant's Counsel [doc. # 33].

I

The original Complaint [doc. # 1] in this case was filed in June 2004, and a Scheduling Order [doc. # 12] was entered requiring that amendments to the pleadings be filed no later than September 30, 2004. Discovery was to be completed by August 31, 2005, although that deadline was later extended to October 31, 2005 at the request of both parties. See Modified Scheduling Order [doc. # 29]. Six days before the extended close of discovery, Plaintiff filed a motion to amend his complaint [doc. # 30]. In his motion, Plaintiff seeks to add a new count for wrongful discharge in violation of public policy, asserting that on October 19, 2005, new information had come to light that necessitated the motion to amend. The " new" information was that the State had decided to move forward with charges against Defendant that Plaintiff claims he brought to light. Defendant counters that allowing Plaintiff to introduce an entirely new legal theory into this case on the eve of the close of discovery would unduly prejudice Defendant.

Generally, courts should freely grant permission to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962); Fed.R.Civ.P. 15(a). However, the Second Circuit has made it clear that the good cause standard of Rule 16 supercedes the more liberal standard of Rule 15(a) when, as here, a motion to amend is filed after the deadline for amending pleadings set by a court's scheduling order has passed. See, e.g., Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir.2003) (" Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend ' shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order ' shall not be modified except upon a showing of good cause.' " ). Such an order was entered in this case, requiring that Plaintiff's amendments to the pleadings be filed no later than September 30, 2004. See Order [doc. # 12].

Despite Plaintiff's claim of " new" information, it is apparent to the Court that Plaintiff has long been in possession of all of the facts needed to plead a wrongful discharge claim. See Parker v. Columbia Pictures Industries, 204 F.3d 326, 340-41 (2d Cir.2000) (upholding a finding that plaintiff had not shown good cause under Rule 16(b) where plaintiff was aware of the relevant facts " prior to and throughout the course of this litigation" ). That the State has just now decided to move forward with the charges Plaintiff allegedly brought to light is not a required element of such a claim, which is focused on the conduct of the Defendant, not the State. Having known the facts underlying his claim for years and having been fully aware of the schedule, Plaintiff nonetheless unduly delayed asserting the claim until the extended discovery was essentially complete. Accordingly, the Court finds that Plaintiff has not shown good cause for permitting such a late amendment.

*2 Furthermore, the Court is persuaded that Defendants would be unfairly prejudiced by allowing the addition of a new claim after the close of discovery. This case has been pending for nearly two years. If the Court were to permit the amendment, the Court would have to extend the discovery period, since Defendant would be entitled to conduct discovery on Plaintiff's new claim. Undoubtedly, Defendant would have to retake one or more

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01703-CFD   Document 112-4   Filed 09/07/2007   Page 6 of 10

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2006 WL 1328785 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

depositions that have already been completed. In those circumstances, Defendant has shown that it would be unfairly prejudiced by allowing assertion of a new claim that could have been presented much sooner. Therefore, the Court denies Plaintiff's motion for leave to amend his complaint.

II

Plaintiff moves to disqualify Defendant's attorneys because one of them, Thomas O'Dea, Jr., and his law firm, Halloran & Sage LLP (H & S), previously represented Plaintiff in a related matter. Plaintiff maintains that, in conjunction with that prior suit, Mr. O'Dea questioned Plaintiff about highly sensitive matters that bear on the present case. Defendant maintains that Mr. O'Dea and H & S never represented Plaintiff, only his employer; that the matter was unrelated to the present suit; and that Mr. O'Dea never received any sensitive information from Plaintiff or passed on any such information to fellow attorneys at H & S.

It is not clear to the Court whether any formal or even informal attorney-client relationship actually existed between Mr. O'Dea and Plaintiff, and there is no evidence that Mr. O'Dea ever received confidential information from Plaintiff. However, it is possible that Plaintiff believed-perhaps mistakenly-that Mr. O'Dea was representing him. To combat even the appearance of impropriety, the Court accepts Mr. O'Dea's suggestion that he remove himself from further involvement in the case, and therefore grants Plaintiff's motion insofar as Mr. O'Dea is concerned. The Court directs Mr. O'Dea to transfer handling of the case to another attorney at his firm, and to refrain from discussing the case with other H & S attorneys. Plaintiff's request for costs related to filing the motion to disqualify is denied.

III

In sum, Plaintiff's Motion for Leave to File Amended Complaint [doc. # 30] is DENIED. Plaintiff's Motion to Disqualify Defendant's Counsel [doc. # 33] is GRANTED in part and DENIED in part. It is granted insofar as Plaintiff requests that Mr. O'Dea be disqualified from further participation in the present suit. It is denied insofar as Plaintiff requests that other attorneys at Halloran & Sage LLP be disqualified, and insofar as Plaintiff asks to be awarded the costs associated with the disqualification motion. The Court further orders that any dispositive motions be filed **by March 24, 2006.** If no dispositive motions are filed, a Joint Trial Memorandum is due **by April 24, 2006.**

IT IS SO ORDERED.

D.Conn.,2006.
Lau v. Merriam Motors, Inc.
Not Reported in F.Supp.2d, 2006 WL 1328785 (D.Conn.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 'G'

EXHIBIT 'G'

Westlaw.

Slip Copy                                                                                                                                         Page 1
Slip Copy, 2007 WL 148755 (W.D.N.Y.)

**(Cite as: Slip Copy)**

**Pettus** v. Wright
W.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,W.D. New York.
James **PETTUS**, Plaintiff,
v.
M.D. Lester WRIGHT, et al., Defendants.
No. 04-CV-6203L.

Jan. 11, 2007.

James Pettus, Comstock, NY, pro se.
Emil J. Bove, Jr., Office of New York State Attorney General, Rochester, NY, for Defendants.

*DECISION AND ORDER*
DAVID G. LARIMER, United States District Judge.
*1 The Court referred all pretrial discovery matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

Plaintiff, James Pettus (" Pettus" ), has filed two complaints alleging that physicians at the Elmira Correctional Facility acted with deliberate indifference to his needs. Pettus then moved to file an amended complaint alleging violations to his constitutional rights at the Southport Correctional Facility. These claims do not relate to deliberate indifference to medical needs and do not relate to any activity at the Elmira Correctional Facility.

Magistrate Judge Payson issued a thorough Report and Recommendation (Dkt.# 69) recommending that Pettus's motion for leave to file an amended complaint be denied. Pettus filed a two-page handwritten document which I treat as an objection to Magistrate Judge Payson's Report and Recommendation.

I have reviewed the pleadings in the case now pending (04-CV-6203), as well as Pettus's proposed amended complaint. I have also reviewed Magistrate Judge Payson's thorough Report and Recommendation. I agree with Magistrate Judge Payson's determination that plaintiff's motion to file an amended complaint should be denied. I accept the Report and Recommendation, and I agree with its findings and conclusions.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson. Plaintiff's motion for leave to file an amended complaint (Dkt.# 46) is in all respects denied.

IT IS SO ORDERED.

*REPORT & RECOMMENDATION*
MARIAN W. PAYSON, United States Magistrate Judge.
By order dated January 21, 2005, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 14).

On May 5, 2004, plaintiff James Pettus filed a complaint in civil action 04-CV6203 against Lester Wright, M.D., Chief Medical Officer for New York State Department of Corrections, and " an E.N.T. (Ear, Nose and Throat) Specialist" at the Elmira Correctional Facility, later identified as Kamal Pathak, M.D. Pettus alleged that he complained to Dr. Pathak that he was suffering from hearing loss, dizzy spells and nausea and that Pathak acted with deliberate indifference to his serious medical needs by failing to perform " an M.R.I. of his brain." (Docket # 1). Thereafter, on May 31, 2005, Pettus filed a second complaint in civil case number 05-CV-6277, asserting similar claims against William Kelly, M.D., and Wesley Canfield, M.D., also doctors at the Elmira Correctional Facility. In that matter, Pettus also alleged that he had not received appropriate medical care for an injured back. By Order dated October 4, 2005, the Hon. David G. Larimer consolidated both matters into this single action. (Docket # 35).

Currently before this Court for Report and Recommendation is Pettus's motion for leave to file an amended complaint. (Docket # 46). In his proposed amended complaint, Pettus alleges that various defendants at the Southport Correctional Facility, a facility to which he was transferred from the Elmira Correctional Facility, falsely charged and

punished him for damaging the floor of his cell with a broken armband from his eye-glasses, charges that Pettus asserts were ultimately dismissed. According to Pettus, as a result of the false charges, he was placed in a "punishment cell" with a broken window and broken toilet, forcing him to smell " awful smell[s]" and endure temperatures " well below" freezing for thirty-six days. In addition, while in the punishment cell, Pettus alleges that defendants unlawfully searched his property and confiscated his medication. (Docket # 46). Defendants oppose Pettus's motion and argue that the proposed claims should more appropriately be asserted in a separate lawsuit.[FN1] (Docket # 59).

> FN1. Defendants also allege that Pettus's motion to amend should be dismissed as untimely pursuant to this Court's scheduling order. (Docket # 59). Because I find, for the reasons discussed below, that Pettus's proposed claims are not sufficiently related to those raised in the pending Complaint, I decline to address the issue of timeliness.

### DISCUSSION

*2 Under Federal Rule 15(a), once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which " shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. Of Chicago, 889 F.2d 1248, 1254 (2d Cir.1989). " In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rule requires, be ' freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962).

While the court retains the discretion to grant or deny leave to amend under Rule 15(a), " [the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id.

at 182; Ruffolo v. Oppenhemier & Co., 987 F.2d 129, 131 (2d Cir.1993); Evans v. Syracuse City School Dist., 704 F.2d 44, 46 (2d Cir.1983).

Despite the generally lenient standard imposed by Federal Rule of Civil Procedure 15(a), if the amendment proposed by the moving party is futile, " it is not an abuse of discretion to deny leave to amend ." Ruffolo, 987 F.2d at 131. Section 1915(e)(2)(B) of 28 U.S.C. requires the Court to dismiss on futility grounds a case in which in forma pauperis status has been granted if it determines that the action is (a) frivolous or malicious, (b) fails to state a claim upon which relief may be granted; or (c) seeks monetary relief against a defendant who is immune to such relief. The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss. See Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119, 123 (E.D.N.Y.2003) (citing A.V. by Versace, Inc. v. Gianni Versace S.p.A., 160 F.Supp.2d 657, 666 (S.D.N.Y.2001)). Thus, the court " must view the claim in the light most favorable to the moving party and determine whether there is a colorable claim for relief." Santiago v. Steinhart, 1993 WL 410402, *2 (S.D.N.Y.1993).

In addition, when considering whether to permit the inclusion of an additional party, Rule 20(a) of the Federal Rules of Civil Procedure provides:
All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

*3 Fed.R.Civ.P. 20(a). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. See, e.g., Barr Rubber Products Co v. Sun Rubber Co., 425 F.2d 1114, 1127 (2d Cir.1970) (Rule 20 " specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice" ), cert. denied, 400 U.S. 878 (1970); Liegey v. Ellen Figg, Inc., 2003 WL 21361724, *3 (S.D.N.Y.2003) (" requirements of Rule 20(a) should be interpreted liberally" ); Kovian v. Fulton County Bank and Trust Co., 1990 WL 36809, *9 (N.D.N.Y.1990) (" there is no rigid rule as to what

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

constitutes the same series of transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.,* 656 F.Supp. 536, 549 (E.D.N.Y.1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

In the case at bar, Pettus's pending Complaint alleges that certain members of the medical staff at the Elmira Correctional Facility acted with deliberate indifference to his medical needs by failing to perform a magnetic resonance imaging of his brain and failing to provide appropriate medical care for his injured back. Pettus's proposed amended complaint, by contrast, asserts numerous claims against various correctional officers and administrators at a different facility-the Southport Correctional Facility-based upon the conditions of Pettus's confinement following the filing against him of an allegedly false misbehavior report.

While Pettus's proposed claims may adequately plead a violation of his Eighth Amendment rights based upon the condition of his confinement, I find that they should not be joined in the already pending action. Pettus has not demonstrated any connection between the defendants in the pending complaint, who work at the Elmira facility, and those sought to be added through the proposed amendment, who work at the Southport facility. Further, there does not appear to be any relation between the factual background currently before the Court and the alleged facts giving rise to Pettus's proposed claims. Accordingly, I find that the interests of judicial economy would not be served by allowing the pending and proposed claims to be tried within the same proceeding. I therefore recommend, pursuant to the standards set forth in Rules 15 and 20 of the Federal Rules of Civil Procedure, as well as the above-cited authority, that Pettus's motion for leave to amend his Complaint be denied. If Pettus wishes to assert a claim for an alleged violation of his constitutional rights based upon the conditions of his confinement, he may do so by initiating a separate lawsuit.

## CONCLUSION

For the foregoing reasons, it is the Report and Recommendation of this Court that Pettus's motion for leave to amend his Complaint (**Docket # 46**) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**\*4 ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.* Thomas v. Arn, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection .*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

W.D.N.Y.,2007.
Pettus v. Wright
Slip Copy, 2007 WL 148755 (W.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.