UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC. | : CIVIL ACTION NO.: 3:02 CV 1703 (CFD) : : : |
| V. | : : |
| BEREAN CAPITAL, INC. | : SEPTEMBER 13, 2007 |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, Greystone Community Reinvestment Associates, Inc. ("Greystone"), respectfully submits this reply memorandum in support of its motion to amend the complaint against defendant, Berean Capital, Inc. ("Berean") to include a successor liability claim against Jackson Securities, Inc. ("Jackson Securities").

Despite its claim, Berean has offered no proof that it has not merged with Jackson Securities other than the highly suspect Affidavit of Dudley Brown (hereinafter "Brown"). Furthermore, Brown has not amended his representations to the Securities Exchange Commission (hereinafter "SEC")[1] in settling a serious securities violation that resulted in a $100,000.00 fine nor has Jackson Securities issued a press release correcting what Brown now characterizes as a mere "alignment" of resources rather than the merger of "most of Berean Capital into Jackson Sercurities" leaving Berean with "limited activities". Brown also leaves unanswered what assets, business and customers of Berean he "contributed" for his fifty percent

---

1 Brown's recent characterization that his representation to the SEC that he "merged most of Berean Capital into Jackson Securities" was a "marketing " ploy is highly circumspect. His Affidavit is even more questionable where he attests that he acquired "fifty percent" of Jackson Securities (an investment bank with $36.4 billion in total managed issues per the Exhibit A article describing the merger) for what he now

ownership in Jackson rather than utilizing personal funds for this substantial position.

Even assuming that a fifty percent interest in a company such as Jackson Securities with $36.4 billion in total managed issues can be acquired for only "furnishings and other similar office equipment" as Brown suggests, a corporation that acquires the assets of another can be held liable for the torts of its predecessor where: (1) if the successor expressly or impliedly assumed the predecessor's tort liability; (2) there was a consolidation or merger of seller and purchaser; (3) the purchasing corporation was a mere continuation of the selling corporation; or (4) the transaction is entered into fraudulently to escape such obligations. Schumacher v. Richards Shears Co., Inc., 59 N.Y.2d 239, 245, (N.Y.1983).

In examining the transaction between Berean and Jackson Securities, Brown admits that Jackson Securities "agreed to pay certain liabilities of Berean". Secondly, both Brown and Jackson Securities held themselves out to the SEC and the world as having merged/consolidated. Thirdly, Jackson Securities is a continuation of Berean. Indeed, Jackson Securities lists the same address and office suite in Chicago that Berean utilized as its office (Exhibit B) and the "combined firm . . . will maintain the Jackson Securities name". (Exhibit A) The second and third circumstance of successor liability identified above are generally considered together as the de facto merger theory. Lumbard v. Maglia 621 F.Supp. 1529 (S.D.N.Y.1985), *quoting* J. Phillips, Product Line Continuity and Successor Corporation Liability, 58 N.Y.U.L.Rev. 906, 909 (1983).

Four factors are indicative of a defacto merger: (1) continuity of ownership; (2) cessation of ordinary business operations and the dissolution of the selling corporation as soon as possible

---

characterizes as "minimal assets".

after the transaction; (3) the buyer's assumption of liabilities ordinarily necessary for the uninterrupted continuation of the seller's business; and (4) continuity of management, personnel, physical location, assets and general business operation. *Id.* at 1535. "Not all of these factors are needed to demonstrate a merger; rather, these factors are only indicators that tend to show a defacto merger." *Id.* (*quoting* Menacho v. Adamson United Co., 420 F.Supp. 128, 133 (D.N.J.1976)).

The first factor, continuity of ownership, has been held to be the essence of a merger, and is accordingly a prerequisite to the application of any de facto merger doctrine. New York City Asbestos Litig., 789 N.Y.S.2d 484, 486 (N.Y.App.Div.2005). Such continuity exists when the shareholders of the predecessor corporation become direct or indirect shareholders of the successor corporation as the result of the successor's purchase of the predecessor's assets, as occurs in a stock-for-assets transaction. *Id.* Here, Brown, sole shareholder in Berean, "merged most of Berean Capital into Jackson Securities" for a fifty percent ownership in Jackson Securities. (Affidavit of Brown; Deposition of Brown @ p. 7 attached to Berean's Memorandum in Opposition) Accordingly, Greystone has demonstrated the necessary continuity of ownership.

The second factor is cessation of ordinary business operations and the dissolution of the selling corporation as soon as possible after the transaction. Here, Brown has admittedly reduced Berean to a Broker/Dealer with "limited activities". Furthermore, Berean no longer maintains a web address, and its offices are now occupied by Jackson Securities. (Exhibit B)

The third factor considers the buyer's assumption of liabilities ordinarily necessary for the uninterrupted continuation of the seller's business. In his Affidavit, Brown attests that "Jackson Securities agreed to pay certain current liabilities of Berean incurred out of day-to-day operations".

This agreement assures for the uninterrupted continuation of Berean's business and establishes the third factor.

The fourth and final factor considers continuity of management, personnel, physical location, assets and general business operation. Jackson Securities operates out of Berean's former offices (Exhibit B) and it utilizes Berean's "furnishings and office equipment" (Affidavit of Brown). Furthermore, Brown acts as "Chief Executive Officer" for Jackson Securities (Exhibit C), the same position he held at Berean, and the employees of both firms have been integrated with the combined firm having 40 employees. Exhibit A. Thus, Greystone has established substantially all of the factors indicating successor liability.

For these reasons and those set forth in its memorandum of law, Greystone respectfully requests that its motion to amend be granted.

PLAINTIFF,
GREYSTONE COMMUNITY
REINVESTMENT ASSOCIATES, INC.

By: _____
Eliot B. Gersten (ct05321)
John J. Robacynski (ct15636)
Gersten Clifford & Rome, LLP
214 Main Street
Hartford, CT 06106
Tel: (860) 527-7044
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2007, a copy of the foregoing was filed electronically and served by first class mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Thomas J. Finn, Esq.
McCarter & English LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

By:

PLAINTIFF,
GREYSTONE COMMUNITY
REINVESTMENT ASSOCIATES, INC.

_____
Eliot B. Gersten (ct05321)
John J. Robacynski (ct15636)
Gersten Clifford & Rome, LLP
214 Main Street
Hartford, CT 06106
Tel: (860) 527-7044
Its Attorneys